UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ERIC GAVELEK MUNCHEL and
LISA MARIE EISENHART,
*Defendants.*

Case No. 1:21-cr-118-RCL

## MEMORANDUM ORDER

Before the Court are the government's motions [3, 6] to review the orders releasing the defendants, defendant Lisa Marie Eisenhart's motions [15, 16] to rescind the stay of her release order and for immediate review of her detention and defendant Eric Gavelek Munchel's motion [14] to join those motion.

Munchel's motion is **GRANTED**.

Because the defendants have been arraigned on a new indictment and the Court has granted the government's oral detention motion, the government's motions for review are **DENIED AS MOOT**.

To the extent that the defendants argue that the motions are not moot because the Court is required to review a magistrate judge's detention ruling only for clear error, that argument fails.

First, the Court ruled on a new motion following an indictment, not on the government's motion for review.

Second, the standard for review by a district court judge of magistrate judge orders, under 18 U.S.C. § 3142, has been uniformly considered to be *de novo, see, e.g., United States v. Henry*, 280 F. Supp. 3d 125, 128 (D.D.C. 2017) ("The Court reviews de novo whether there are conditions of release that will reasonably assure the safety of any other person and the community."); *United*

1

*States v. Hunt*, 240 F. Supp. 3d 128, 132-33 (D.D.C. 2017) (noting that "although the D.C. Circuit has not yet addressed the issue, the many circuits that have agree[d] that the district judge should review de novo a detention decision rendered by a Magistrate Judge" and collecting cases); *United States v. Robinson,* 952 F. Supp. 2d 225, 226 (D.D.C. 2013); *United States v. Beauchamp-Perez*, 822 F. Supp. 2d 7, 9 (D.D.C. 2011); *United States v. Burdette*, 813 F. Supp. 2d 1, 2 (D.D.C. 2011); *United States v. Hudspeth*, 143 F. Supp. 2d 32, 36 (D.D.C. 2001), and the DC Circuit has upheld district judges' *de novo* review of magistrate judges' detention decisions, without questioning application of this standard, *see e.g., United States v. Carter*, 865 F.2d 1330 (D.C. Cir. 1988); *United States v. Laing*, 851 F.2d 1501 (D.C. Cir. 1988); *United States v. Fafowara*, No. 87-3063, 1987 U.S. App. LEXIS 17590, at *1 (D.C. Cir. Oct. 8, 1987). This conclusion is supported inferentially by two other considerations. The Federal Magistrate's Act authorizes magistrate judges to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial," 28 U.S.C. § 636(a)(2), without delineating the specific standard of review, when, by contrast, a deferential review standard is specified for matters referred by a judge to an magistrate judges. And 18 U.S.C. § 3145(a)(1)(2) and (b) authorize the government and the defendant to seek "*Review* of a release order" (emphasis added) or "*Review* of detention Order," (emphasis added) respectively, with the "court having original jurisdiction over the offense" for revocation or amendment of the MJ order, but differentiates such "review" from an "*Appeal* from a release or detention order," (emphasis added) under 18 U.S.C. 3145(c), to a court of appeals, that latter of which would be subject to the normal deferential standard for fact finding that normally used by a court of appeals.

    The government's motions for review are moot.

As to both defendants, the motions to rescind the stay and for immediate review are also **DENIED AS MOOT**. The Court's denial today of the government's motions for review dissolves the stay. Accordingly, the defendants have been granted all the relief they seek—dissolution of the stay and review of detention.

**IT IS SO ORDERED.**

Date: 2/17/21

Royce C. Lamberth
United States District Judge