UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA

    v.                                                                                              No. 21-cr-118-RCL

ERIC GAVELEK MUNCHEL and
LISA MARIE EISENHART,
                Defendants.

**MOTION TO SUPPLEMENT RECORD
WITH SEALED VIDEO**

Pursuant to Fed. R. App. P. 10(e)(2)(B), the United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully moves the Court to supplement the record with the sealed, 50-minute video filmed from defendant Eric Munchel's iPhone. As grounds for this motion the government states:

1. Defendants are jointly charged by indictment with offenses stemming from their participation in the Capitol riot on January 6, 2021. They were arrested in Tennessee, and the government moved for pretrial detention. Following separate detention hearings, a magistrate judge of the Middle District of Tennessee conditionally released Munchel and Eisenhart. The government appealed, the defendants were transferred to this Court, and on February 17, 2021, this Court held a combined arraignment and detention hearing. Later that day the Court ordered both defendants detained pending trial. The defendants appealed and have filed memoranda of law and fact in the court of appeals. The appeals (Nos. 21-3010 and 21-3011) have since been consolidated. The government's responsive memorandum is due in the court of appeals on March 8, 2021.

2. On January 6, 2021, Munchel had an iPhone mounted on his chest, and the phone filmed a 50-minute video of events outside and inside the Capitol. The phone was later seized by the government. At the Tennessee detention hearings, FBI Special Agent Angelo Defeo adopted pages 17-20 of the government's detention motions, which summarized in detail the video's contents. At Munchel's detention hearing in Tennessee, the defense introduced under seal excerpts from the iPhone video. At Eisenhart's detention hearing in Tennessee, the magistrate judge admitted the full iPhone video under seal.

3. On February 17, 2021, before the arraignment and detention hearing in this Court, the government submitted to the Court the full 50-minute iPhone video, along with 8 videos from Capitol Police surveillance videos, the transcripts of the two detention hearings, and a partial draft transcription of the 50-minute video recording. The government mistakenly believed these materials had been provided, in their entirety, to the magistrate court in the Middle District of Tennessee and did not copy defense counsel or file the letter on the docket.[1]

4. Although the video is not currently part of the record, the Court evidently viewed it and relied on it, as shown by its repeated citation of "Munchel iPhone Video" in the Memorandum Opinion accompanying the detention orders. See Feb. 17, 2021, Mem. Op. at 3-4.

5. The iPhone Video is material to the pending detention appeal. As the Court noted in its memorandum opinion, it provides substantial evidence of the defendants' danger to the community and provides the "best evidence" of the defendants' words and conduct. Mem. Op. at 12, 15. The court of appeals should be allowed to view evidence on which this Court relied in its ruling.

---

[1] The government separately submits a Notice of Filing of the letter and related exhibits. *See* Docket No. 35.

6. Under the Federal Rules of Appellate Procedure, "[i]f anything material to either party is omitted from . . . the record [on appeal] by error or accident, the omission . . . may be corrected and a supplemental certified and forwarded . . . by the district court before or after the record is forwarded . . . ." Fed. R. App. 10(e)(2)(B). Because the iPhone Video is material and has been omitted from the record, the record should be supplemented to include it.[2]

7. Defendants have indicated that they will oppose this motion because the video was provided *ex parte* to the District Court. The government notes, however, that supplementing the record with the full iPhone Video should not prejudice them. Tennessee counsel for the defendants had a copy of the iPhone Video as early as the Tennessee detention hearings. Practically all the details this Court mentioned in its memorandum opinion are included in the summary that was adopted at both defendants' detention hearings. The government agrees that the iPhone Video should remain under seal.

8. Because the government's memorandum of law and fact is due in the court of appeals on March 8, the government respectfully requests that the Court rule on this motion as soon as possible.

---

[2] The government does not seek to supplement the record with the Capitol Police surveillance videos, which the Court did not mention in its ruling. The transcripts of the detention hearings are already before the court of appeals.

## CONCLUSION

WHEREFORE, the government respectfully requests that the instant motion be granted.

        Respectfully submitted,

        MICHAEL R. SHERWIN
        ACTING UNITED STATES ATTORNEY
        N.Y. Bar No. 4444188

        /s/ Leslie A. Goemaat
        LESLIE A. GOEMAAT
        MA Bar No. 676695
        Assistant United States Attorney
        Fraud Section
        U.S. Attorney's Office
        555 4th Street, N.W., Room 5840
        Washington, D.C.  20530
        Office: 202-803-1608
        Email: Leslie.Goemaat@usdoj.gov

        /s/ Ahmed Baset
        AHMED BASET
        IL Bar 630-4552
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        Public Corruption & Civil Rights Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        Email: ahmed.baset@usdoj.gov
        Phone: 202-252-7097

        /s/ Justin Sher
        JUSTIN SHER
        D.C. Bar No. 974235
        Trial Attorney
        National Security Division
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20004
        Office: 202-353-3909
        Justin.Sher@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon all parties of record.

/s/ Leslie A. Goemaat
LESLIE A. GOEMAAT
Assistant United States Attorney
