# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 1:21-cr-118 (RCL) |
| LISA MARIE EISENHART | ) |

## DEFENDANT'S MOTION FOR RELIEF FROM CONFINEMENT CONDITIONS OR FOR TRANSFER TO A MORE SUITABLE JAIL FACILITY

NOW COMES Defendant Lisa Marie Eisenhart, through undersigned appointed counsel, and moves this Court to review her conditions of confinement, and to take actions as appropriate.

At the end of Ms. Eisenhart's arraignment and detention hearing, undersigned counsel noted that Ms. Eisenhart was being housed at the D.C. Jail's CTF Annex, in "unusual segregated conditions at CTF." Feb. 17, 2021 Tr. at 63. Counsel asked for copy of the Order that apparently was limiting her movements and even required shackling anytime she was outside her cell. This Court assured counsel that "there's no Order from the Court," and then stated further:

> So if there's any order, you need to talk to Eric Glover first, who's the General Counsel of the D.C. Jail. And if it can't be worked out, I will give you a hearing after you talk to Eric Glover. As I did with Chansley, I'll give you a hearing here in court and we'll see what happens. But I don't know what – all I can do is see if you can work it out with Mr. Glover first before I hear you. And I'm willing to hear you then.

*Id.* In light of recent events, Ms. Eisenhart asks that this Motion be heard during the upcoming Status Conference that has been scheduled to take place in this Court on March 10, 2021.

Following this Court's suggestion, undersigned counsel did reach out to Mr. Glover, via email.[1] Undersigned counsel began by first describing Ms. Eisenhart's situation, and noted his

---

[1] The full string of emails described below is attached hereto as Exhibit A.

1

understanding that others at D.C. Jail with more serious charges and backgrounds were not facing comparable restrictions.  For example, counsel noted that Ms. Eisenhart's own co-defendant, and son, appeared to already be placed into the general population at D.C. Jail, while Ms. Eisenhart remained under harsh restrictions requiring her shackling whenever she was allowed to step outside her cell, which also only occurred during five hours per week.

Mr. Glover responded promptly, and as follows:

> [P]lease be advised that due to the medical stay in place at DOC, all residents are confined to their cell's for 23 hours per day. Also, your client has a "maximum" security designation and as such, she is shackled during her movements throughout DOC's facilities.

*See* Exhibit A.  Undersigned counsel then responded:

> Thank you for your prompt response.  Can you please advise how (on what basis) she received this "maximin" security classification, who decided that, and whether she or I can review any documents related to that? Also, can you advise what legal avenues she might have available within DOC to challenge that classification?

*See* Exhibit A.  Mr. Glover then responded again:

> DOC's residents['] security classification is determined by the agency's Case Management staff. Also, the Case Management staff conduct periodic reviews to determine if a resident's classification is to be changed. Per the DC Code, DOC is responsible is for the safekeeping, care, protection, and classification of its residents. If your client would like to discuss her classification, she should speak with her Case Manager.

*See* Exhibit A.

Following up on this suggestion, Ms. Eisenhart then did speak with her Case Manager – and as of yesterday, the defense believed this matter had been resolved.  Ms. Eisenhart was told she had been cleared for placement in CTF's general population, and after signing forms acknowledging and agreeing to accept the risks arising from placement in a general population setting, Ms. Eisenhart was moved to CTF's general population around 5:00 p.m. yesterday.

Today around 2:00 p.m., however, Ms. Eisenhart was, without warning, unexpectedly removed from the general population.  She apparently was told this was being done "for your safety" – even though, as noted, she had previously signed a release on such concerns.  She also was told that this new designation would continue "indefinitely."  She was not given a copy of this new order, despite her request.  And while Ms. Eisenhart can and will speak further to her Case Manager, she apparently has also been told that an order of this type (a so-called protective custody order) may not even be challengeable through the D.C. Jail's grievance process.

Ms. Eisenhart's return to her previous severe conditions appears to be an unwarranted restriction on her liberties – one even her co-defendant does not face.  During her short period of placement in the general population, Ms. Eisenhart saw a vast difference.  She had an ability to exercise on a treadmill that is present in the general population area, instead of being given just 5 hours per *week* (less than one hour per day) that she had to spend alone after simply being moved to a slightly larger cell to "exercise."  In the general population, she could shower whenever she wanted.  She could wash clothes whenever she wanted.  She could heat up food that had gotten cold.  She could visit a library with far more books, and begin legal research.  She got her first good night's sleep since arriving, as the cells in the general population area are far warmer than her previous cell (where the temperature appears to be about 55 degrees Fahrenheit).  And perhaps most importantly, she was able for the first time in weeks to interact and talk with other human beings who were not assigned to monitor her movements and activities as prison guards.

All of that has again ended.  Accordingly, this motion is now filed.  Further attempts will continue to be made to resolve this situation, but a hearing is now requested.  Mr. Eisenhart appears to have been removed from the less restrictive conditions of general population through no fault of her own, and despite signing a waiver accepting the risks of being there.  If the D.C.

Jail is unable to safely house Ms. Eisenhart from the risks posed by others without placing her in the exceedingly restrictive conditions she has now been returned to (which appear little different than solitary confinement), this Court should consider transferring her to another facility that can do so.  Ms. Eisenhart previously spent several weeks at a Kentucky detention center before being transferred to this District, apparently in that facility's general population, without incident.  If not CTF, surely another jail nearby can accommodate her situation and allow her to live within the general population – just as her son does now.  A continuation of her current conditions is unacceptable, and this Court should thus hear this Motion at its upcoming Status Conference.

Dated   March 4, 2021                                   Respectfully submitted,

                                                                                     /s/  Gregory S. Smith
                                                                                 Gregory S. Smith (D.C. Bar #472802)
                                                                                 Law Offices of Gregory S. Smith
                                                                                 913 East Capitol Street, S.E.
                                                                                 Washington, D.C.  20003
                                                                                 Telephone: (202) 460-3381
                                                                                 Facsimile: (202) 330-5229
                                                                                 Email: gregsmithlaw@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.  I also am emailing a copy of this motion to D.C. Department of Corrections General Counsel Eric Glover, at eric.glover@dc.gov.

This 4th day of March, 2021.

                                                                                  /s/  Gregory S. Smith
                                                                                 Gregory S. Smith