UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CASE NO. 1:21-CR-00118-RCL |
| | : | |
| ERIC MUNCHEL AND | : | |
| LISA EISENHART, | : | |
| | : | |
| | : | |
| DEFENDANTS. | : | |

**REPLY TO DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S NOTICE OF FILING AND MOTION TO SEAL AND MOTION TO SUPPLEMENT RECORD WITH SEALED VIDEO**

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully replies to the Defendants' Joint Response to Government's Notice of Filing and Motion to Seal and Motion to Supplement Record with Sealed Video. ECF 39.[1] Defendants object to the United States' Motion to Supplement Record with Sealed Video (ECF 36) on the ground that the 50-minute video from defendant Munchel's iPhone (hereinafter "iPhone Video") was not properly before the Court during the February 17, 2021, detention hearing because it was not properly served on defense counsel. The government acknowledges that, due to inadvertent error, the defense was not copied on the government's submission of the video to the Court and was not properly served with a copy of the government's submission.

---

[1] In addition to addressing the government's Motion to Supplement Record with Sealed Video (ECF 36) the defendants respond to the Government's Notice of Filing (ECF 35) and submit argument regarding the eight Capitol Police surveillance videos and the rough transcript of the 50-minute video submitted to the Court. The government's Notice of Filing (ECF 35) was filed to ensure the record accurately reflected the sequence of events. The government did not rely on the eight Capitol Police surveillance videos or the rough transcript of the 50-minute video during the February 17, 2021, detention hearing and related pleadings, nor did the Court appear to rely on it in its Memorandum and Order (ECF 24). Accordingly, the government is not moving this Court to supplement the record with those materials.

Nonetheless, as explained herein, the defendants were not prejudiced by this omission as all parties were in possession of this video itself, the full video was introduced by the government at Eisenhart's detention hearing, the government's detention memorandum described the full video in detail, defendant Munchel submitted a 12-minute clip of the video to this Court, the Court heard extensive argument regarding the full video, and the Court's memorandum opinion indicates that the Court relied on the video in reaching its decision. In this context, the iPhone Video falls squarely within the ambit and intent of Fed. R. App. P. 10(e)(2)(B).

I. **The Defendants are not Prejudiced**

Although the defendants were not properly served with a copy of the government's submission when the full iPhone Video was provided to the Court, the defendants were not prejudiced by this error. Contrary to the defendants' claim (ECF 39 at 2), the iPhone Video was admitted into evidence at Eisenhart's detention hearing in Tennessee.[2] Both defendants possessed copies of the video itself, and both the government and defense counsel argued extensively at the February 17, 2021, hearing from portions of the video that were not contained in the 12-minute excerpt filed by defendant Munchel. Finally, because defendant Munchel framed his appeal as a deferential review of the Tennessee Magistrate Judge's factual findings under the clearly erroneous standard, rather than *de novo* review, the defendants could have expected that the District Court would review the exhibits submitted to the Magistrate Judge in the hearings in Tennessee, including the full iPhone Video.[3]

---

[2] *See* Jan. 25, 2021, Transcript at 15-16 (FBI Special Agent Defeo testifies that he reviewed the 50-minute video, government moves into evidence Exhibit 3, described as "the entirety of a 50-minute video," and court responds, "It will be admitted.").

[3] The government acknowledges that although counsel for Munchel argued for a clearly erroneous review of the Tennessee Magistrate Judge's factual findings, counsel also stated "the Court doesn't

The government's failure to properly serve its submission of the iPhone Video was an unintentional oversight; however, the government understands that both defendants had copies of the full iPhone Video.[4] The government's intention to admit the entire video is clear as the original motion to stay explicitly stated that that the iPhone Video will "be made available to the Court[.]" *See* ECF 3 at 9. The motion to stay also described the content of the full video in detail. *Id.* at 9-12.

The February 17, 2021, detention argument also makes clear that all parties were, effectively, arguing about the full iPhone Video. The government's allocution began with a detailed description of the full iPhone Video, including significant portions which were recorded outside of the Capitol and which were not included in the 12-minute excerpt submitted by defendant Munchel, which contained only the portion of the video taken inside of the Capitol. *See* Feb. 17, 2021, Transcript at 9-11 (describing the video as showing "both of them completely stopping at no end to try to enter the building," the barricades outside of the Capitol, defendants advancing on the Capitol, lines of police officers, and defendants helping others across barricades by setting up chairs). The government also recounted specific statements by Munchel and Eisenhart made outside of the Capitol which was captured on the iPhone Video outside of

---

have the portion of the video[,]" clearly showing the counsel for Munchel did not believe that the Court had the full video in its possession. *See also* ECF 39 at 4.

[4] Prior to being arrested, defendant Munchel provided a copy of the video to a trusted friend. The government first received the video through a lawyer and later from a forensic examination of the defendant's phone. The full iPhone video was provided to Counsel for the defendants in Tennessee, including a Federal Public Defender, and the government understands that Washington, D.C. defense counsel obtained the full video from Tennessee defense counsel. Finally, counsel for Munchel admitted to viewing the video during the detention hearing and submitted a 12-minute excerpt to the Court. The defendants have not stated that they do not have copies of this video. Thus, while the government concedes and agrees that it should have provided copies of the videos submitted to the Court to counsel for the defendants, in this instance, counsel had possession of the full iPhone video.

3

the 12-minute excerpt submitted by defendant Munchel. *Id.* at 10-11 (describing Munchel's statement outside of the Capitol that he is not "playing fucking nice no goddamn more" and stating that this will be the last time he enters wearing full body armor and weapons); *see also id.* at 45 (describing Munchel's statement that they were there to "fuck shit up" and were going to enter the building no matter what). The government also described Munchel and Eisenhart stashing weapons in a bag outside of the Capitol prior to entering. *Id.* at 10-11.

Munchel's counsel also made explicit references to the full iPhone video, stating that video "is the bulk of evidence both for and against him." *Id.* at 19. Although Munchel presented only the 12-minute excerpt of Munchel's time in the Capitol, Munchel's counsel made arguments based on the contents of the full iPhone Video, arguing that defendant Munchel was setting up chairs to help people move away from the Capitol, a claim which references portions of the video not contained in the 12-minute excerpt submitted to the Court. *Id.* at 27. Eisenhart's counsel, for his part, explicitly referenced factual findings of that Tennessee Magistrate Judge based on the full video, arguing that Eisenhart did not appear to fight her way into the Capitol other than to fight through the crowd; Eisenhart's fight through the crowd is also not contained in the 12-minute excerpt submitted by Munchel's counsel. *Id.* at 37.

Finally, the defendants are not prejudiced because practically all the details of the video on which this Court relied in its detention ruling were also contained in pages 17-20 of the government's detention memorandum, which Special Agent Defeo expressly adopted at both defendants' Tennessee detention hearings. *Compare* February 17, 2021, Memorandum Opinion

4

at 3-4 *with* 3:21-mj-02679 (Middle District of Tennessee) ECF 8 ("Detention Memorandum") at 17-20 (adopted at Jan. 22, 2021, Transcript at 23-24, Jan. 25, 2021, Transcript at 13).[5]

Defendants argue that they are prejudiced because they did not make arguments addressing all of the words and conduct in the video, ECF 39 at 4. However, defendant Munchel advanced the argument at the February 17, 2021, detention hearing that the Court was not to review detention *de novo*, but instead to review the Tennessee Magistrate Judge's determination under a clearly erroneous standard. *See* Feb. 17, 2021, Transcript at 17. If defense counsel was correct and the proper standard of review was whether the Magistrate Judge's factual findings were clearly erroneous, then all of the evidence and argument submitted to the Tennessee Magistrate Judge would have been properly before this Court, including the full iPhone Video that was admitted at Eisenhart's Tennessee detention hearing.[6] Defendants could then be expected to make argument addressing the full content of the iPhone Video submitted in the Eisenhart Tennessee Detention Hearing. Further, because the government's detention memo, motion to stay, and allocution thoroughly summarized the most probative content of the iPhone Video, the defendants had the opportunity to make arguments addressing the relevant words and content therein.

---

[5] The only detail the Court mentioned that is not explicitly in the summary is that "[a]s they approached the Capitol, Munchel and Eisenhart pushed through the crowd." Memorandum Opinion at 3. Given the later finding that they "again pushed towards the Capitol" after they partially disarmed themselves, *id.* – a fact also mentioned in the summary, *see* Detention Memorandum at 18 ("as they push through the crowd") – and the fact that the Court did not cite any pushing in its analysis, the Court's mention of the initial pushing in the factual background section of its opinion is not material.

[6] Although the full video was not introduced at Munchel's Tennessee detention hearing, the hearings were consolidated for purpose of the February 17, 2021, hearing, and therefore under defense counsel's theory of the standard of review, the Court would have had the full record of the Tennessee Magistrate Judge's detention hearings – including exhibits – in both cases before it on February 17, 2021.


In other words, although the government undoubtedly should have properly filed and served its submissions to the Court, the substance of the matter—the full iPhone Video—was admitted under seal at Eisenhart's detention hearing, all parties had access to it, all parties viewed it, all parties argued or proffered various portions of the video that were not properly admitted at the hearing, and the government's detention memorandum, motion to stay, and allocution contained an extensive description of the full video.

This is precisely the type circumstance that is contemplated by Fed. R. App. P. 10(e)(2)(B).

## II. Rule 10 allows the Court to supplement the record

Under the Federal Rules of Appellate Procedure, "[i]f anything material to either party is omitted from . . . the record [on appeal] by error or accident, the omission . . . may be corrected and a supplemental certified and forwarded . . . by the district court before or after the record is forwarded . . . ." Fed. R. App. 10(e)(2)(B). It is within the Court's discretion to determine whether to supplement the record under this Rule. *See Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 216 (6th Cir.1992) (noting that the "parties agree" that Rule 10(e) "commits this determination [to supplement the appellate record] to the discretion of the district court"). A motion may be brought under Rule 10 even after an appeal has been taken. *See United States v. Mori*, 444 F.2d 240, 246 (5th Cir.1971) ("Under Rule 10(e) it is clear that the district court may consider a motion to correct the record even after appeal has been taken.").

The Sixth Circuit has explained that "[t]he term 'error or accident' in Rule 10(e) 'should be broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof. Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge.'" *United States v. Barrow*, 118 F.3d 482,

488 (6th Cir. 1997) (citing 9 MOORE'S FEDERAL PRACTICE ¶ 210.08[1], at 10–53 (2d ed. 1980)). However, the rule should not be used to "add new evidence that substantially alters the record after notice of appeal has been filed[.]" *Id.* Here, the iPhone Video was omitted from the record through the error and inadvertence of the government. But it is hardly "new evidence." The iPhone Video was admitted in Eisenhart's Tennessee detention hearing, a 12-minute excerpt was admitted during Munchel's Tennessee detention hearing and the February 17 hearing, the video was fully described in the government's original detention motion, the video was described in the government's Motion to Stay, as was the government's intent to submit the video to the Court, the iPhone Video was, in fact, submitted to the District Court by the government, and the parties engaged in a fulsome argument as to the meaning of its contents at the February 17 detention hearing. Moreover, the Court relied on the video in its ruling. *See* Memorandum Opinion at 3-4, 12, 15.

       The iPhone Video is also undoubtedly material. It was omitted from the record by both error and accident. Fed. R. App. P. 10(e)(2)(B) empowers the Court in just this circumstance to correct the omission by forwarding a supplemental record to the court of appeals. Although the defendants rightfully point out that the government should have served the defense with the government's submissions to the Court, neither defendant proffers a legal basis to exclude the iPhone Video, on which this Court relied in its detention ruling, from the court of appeals.

WHEREFORE, the government respectfully requests that the government's motion to supplement the record with sealed video (ECF 36) be granted.

Respectfully submitted,

Channing D. Phillips
Acting U.S. Attorney
D.C. Bar No. 415793

/s/ Leslie A. Goemaat
LESLIE A. GOEMAAT
MA Bar No. 676695
Assistant United States Attorney
Fraud Section
U.S. Attorney's Office
555 4th Street, N.W., Room 5840
Washington, D.C.  20530
Office: 202-803-1608
Email: Leslie.Goemaat@usdoj.gov

 /s/ Ahmed Baset
AHMED BASET
IL Bar 630-4552
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 4th Street, N.W.
Washington, D.C. 20530
Email: ahmed.baset@usdoj.gov
Phone: 202-252-7097

/s/ Justin Sher
JUSTIN SHER
D.C. Bar No. 974235
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004
Office: 202-353-3909
Justin.Sher@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon all parties of record.

<div style="text-align: right;">

/s/ Leslie A. Goemaat
LESLIE A. GOEMAAT
Assistant United States Attorney

</div>