UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LISA MARIE EISENHART,

Defendant.

Case No. 1:21-cr-118-2-RCL

## MEMORANDUM ORDER

Before the Court are the defendant's motion [40] for relief from conditions of confinement or transfer to an alternative facility and the District of Columbia's motion[1] to intervene to oppose the defendant's motion.

Last month, the Court ordered the defendant detained pending trial. Detention Order (ECF No. 26). The defendant appealed that order, Notice of Appeal (ECF No. 30), and her appeal is currently pending before the Circuit, *United States v. Eisenhart*, No. 21-3011 (D.C. Cir. appeal docketed Feb. 24, 2021). The Attorney General assigned the defendant to the District of Columbia Jail, where all detainees held in relation to the events of January 6 have been placed in restrictive housing for their own safety and the safety of the jail, *see* Jones Decl. ¶ 2. The defendant now seeks an order of the Court modifying her conditions of confinement. Yesterday, the Court heard oral arguments on the defendant's motion.

The Court must first satisfy itself that it has jurisdiction to entertain the defendant's motion. While the parties agree that the Court is so empowered, the Court disagrees. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it

---

[1] This motion has been filed with the Clerk of Court but has not yet been docketed.

1

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see generally* 16A Wright & Miller, *Federal Practice and Procedure* § 3949.1 (5th ed. Oct. 2020 update). When a party notices an interlocutory appeal, that notice "ordinarily suspends the power of the district court to modify the order subject to appeal[ ] but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its *raison d'etre*." Wright & Miller, *supra* § 3949.1.

Accordingly, the Court must determine whether the defendant's motion to alter the conditions of her detention seeks to alter aspects of her detention order. To ask that question is to answer it. The defendant is in the custody of the District of Columbia Department of Corrections (as designee of the U.S. Marshals) only because the Court ordered her detained and committed her to custody. The order specified conditions of confinement because it directed where defendant would be confined—as it must. Detention Order 4 (remanding the defendant for confinement "separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal"); *see* 18 U.S.C. § 3142(i)(2). The Court's initial order spoke to the conditions of the defendant's confinement. That very order is the subject of the pending appeal. If the Court modified the order, it would present a moving target for the Circuit. The divestiture rule exists to prevent just that. Thus, the Court lacks jurisdiction to entertain the motion.

Next, the Court considers whether Rule 37(a) provides a mechanism to grant some relief to the defendant. The rule permits the Court to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3). The Court can make neither of those statements because the motion fails to raise a cognizable legal claim.

The defendant first argues that she has a substantive and procedural due process right to avoid being placed in restrictive housing. But "the Due Process Clause confers upon a prisoner neither a procedural nor substantive due process right to a particular placement or classification." *United States v. Rojas-Yepes*, 630 F. Supp. 2d 18, 21–22 (D.D.C. 2009) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). The Court's decision in *United States v. Medina*, 628 F. Supp. 2d. 52 (D.D.C. 2009), supports that conclusion. In *Medina*, the Court noted that "with regard to the everyday administration of pretrial detention facilities, the Court is merely concerned with whether a 'particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective'; if so, the detention facilities practice does not violate due process and thus should generally not concern the court." *Id.* at 55 (quoting *Bell v. Wolfish*, 441 U.S. 520, 548 (1979)). In *Medina*, the Court held that it could only intervene in jail practice when those practices rose to the level of a cognizable Constitutional violation. *See id.* at 55–56 (recognizing that Court could grant relief for clear violation of Sixth Amendment rights); *cf. id.* at 56–58 (holding that due process claim was not cognizable). Applying that principle, the Court determined that Medina had failed to establish that his assignment to a special management unit was punitive, because he could not demonstrate disparate treatment or irrational classification. *Id.* at 56–57.

Here, the defendant has not established that the Department of Corrections treated her differently from other inmates held for similar offenses.[2] Nor has she established that the Department of Corrections acted irrationally, especially given the "wide ranging deference" the Court must give to jailers' "policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *Bell v. Wolfish*, 441 U.S. 520,

---

[2] The defendant's comparison of her confinement to her son's alone fails to establish different treatment. And the record otherwise indicates that all January 6 detainees have been treated the same way. The defendant argues that she is entitled to an individualized assessment of her placement. To the contrary, she has no such right; the Court will only review detainee placements if they are so arbitrary as to be irrational. *See Medina*, 628 F. Supp. 2d at 55–56.

3

547 (1979). And in this case, the Department of Corrections would prevail even without deference. Its articulated concern for the safety of the defendant and of other detainees clearly provides a rational basis for the defendant's placement. Thus, the Court must conclude that the defendant has not raised a cognizable violation of the Due Process Clause.

The defendant next argues that her placement violates the Equal Protection Clause, either on the basis of sex or on the basis of irrational treatment. But the defendant has not made allegations that would support an equal protection claim. She does not explain how similarly situated male detainees—other than her son—or female detainees have been treated. Nor does the record contain evidence to show discrimination or irrationality. Accordingly, the defendant's equal protection claims fail.

The defendant also argues that her placement violates 18 U.S.C. § 4042(a)(2), which requires the Attorney General to "provide suitable quarters" for detainees. Courts have interpreted this provision to require the Attorney General to "exercise 'ordinary diligence' or reasonable care 'to keep prisoners safe and free from harm.'" *E.g.*, *Smith v. United States*, 207 F. Supp. 2d 209, 214 (S.D.N.Y. 2002) (collecting cases). As the Department of Corrections has represented that it holds the defendant in restrictive housing for her own safety and the safety of others, the Court cannot conclude that the defendant's placement violates 18 U.S.C. § 4042(a)(2).

The defendant also seeks an alternative remedy: transfer to another facility. But as the defendant cannot show a cognizable injury, she is not entitled to any remedy at all.

For these reasons, the Court would not grant the motion if it regained jurisdiction, and it does not believe the motion presents a substantial issue.

Upon consideration of the motion, opposition (ECF No. 45), and reply (ECF No. 47), the brief filed by the District of Columbia, and the arguments presented at the motion hearing, the Court **DENIES** the motion for lack of jurisdiction.

Finally, as "[i]ntervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated," *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) (collecting cases), and as the District of Columbia points to no such rights at stake here, the Court **DENIES** the District of Columbia's motion to intervene. It nevertheless considers the brief the District of Columbia filed as though it were an amicus brief.

**IT IS SO ORDERED.**

Date: 3/11/21

Royce C. Lamberth
United States District Judge