# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATE OF AMERICA, | |
| v. | Case No. 1:21-cr-00118-RCL |
| LISA MARIE EISENHART, | |
| *Defendant.* | |

## DISTRICT OF COLUMBIA'S OPPOSITION TO DEFENDANT LISA MARIE EISENHART'S MOTION FOR RELIEF FROM CONFINEMENT CONDITIONS OR FOR TRANSFER TO A MORE SUITABLE JAIL FACILITY

The District of Columbia (the District) opposes Defendant Lisa Marie Eisenhart's Motion for Relief from Confinement Conditions or for Transfer to a More Suitable Jail Facility.  The Court should deny the motion because (1) the Court lacks jurisdiction over matters of jail administration, and (2) Defendant cannot establish that she suffered a violation of her constitutional rights.

### RELEVANT PROCEDURAL BACKGROUND

Defendant Eisenhart stands charged with crimes for her role in the January 6, 2021 insurrection at the United States Capitol.  On February 17, 2021, this Court ordered that Defendant be detained pending trial.  Order of Detention Pending Trial [26].  Defendant is being held at the D.C. Jail.  On March 4, 2021, Defendant filed the present motion seeking an order (a) directing the Jail to alter her conditions of confinement, or (b) transferring her to a different facility[1].  Def.'s Mot. [40] at 3-4.  The next day, this Court issued an Order directing that "[a]ny response to the motion" be filed by noon on March 9, 2021.

---

[1]     The District takes no position on Defendant's request to be transferred to a different jail facility.

**ARGUMENT**

**I.** **The Court Lacks Jurisdiction Over Matters of Jail Administration.**

Defendant Eisenhart has not cited a jurisdictional basis for this Court to alter the conditions of her confinement, and indeed there is none in this case. In the District of Columbia, the Department of Corrections (DOC) has the power "to promulgate rules and regulations for the government of [the Jail] and . . . to classify the inmates, and to provide for their proper treatment, care, rehabilitation, and reform." D.C. Code § 24-211.02(a). The day-to-day operations of correctional facilities are typically not the province of the judiciary: "[C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration" and it would "not be wise for [courts] to second-guess the expert administrators on matters on which they are better informed." *Bell v. Wolfish*, 441 U.S. 520, 531 (1979) (quoting *Procunier v. Martinez*, 416 U.S. 396, 405 (1974) and quoting *Wolfish v. Levi*, 573 F.2d 118, 124 (2d Cir. 1978)). Day-to-day operations are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Wolfish*, 441 U.S. at 547-48 (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)).

As a general principle, "there must be mutual accommodation between institutional needs and objectives [of a correctional facility] and the provisions of the Constitution that are of general application." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a jail setting, even when a policy or practice "infringes a specific constitutional guarantee, . . . the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Wolfish*, 441 U.S. at 540. Courts should defer to correctional officials' decisions,

provided the decisions are reasonably related to the legitimate objectives of running a correctional facility. *Block v. Rutherford*, 468 U.S. 576, 586 (1984).  Moreover, a defendant being held in a correctional facility pending trial is still subject to restraints that would not be imposed on a defendant who is free pending trial. *Wolfish*, 441 U.S. at 537.  A policy that is reasonably related to a legitimate government objective in running a correctional facility does not amount to punishment even when the policy is applied to a pretrial inmate. *Id.* at 539.

In order to best ensure the safety and security of the detainees who are being held at the Jail in connection with the events that occurred on January 6, 2021, at the Capitol Building, DOC officials decided to hold these detainees in restrictive housing units[2]. *See* Ex. 1, Michele Jones Decl. at ¶ 2.  Except for a brief period when she was mistakenly transferred to general population, Defendant Eisenhart has been held in a restrictive housing unit at the Jail. *See id.* at ¶ 3.  Because housing determinations are part of the day-to-day administration of the Jail and because the decision to place Defendant Eisenhart in a restrictive housing unit is reasonably related to DOC's legitimate objective of ensuring the safety and security of the Jail's detainees, the Court lacks jurisdiction to hear Defendant's request for relief from her confinement conditions and should thus deny her motion.

Defendant Eisenhart does not cite *United States v. Medina* in her motion, but should she in her reply, the Court should disregard any comparison here.  The detainees in *Medina* were Spanish-speaking defendants who alleged that the Jail's visitation policies and procedures were not affording them enough time to meet with their counsel and prepare their defense.  628 F. Supp. 2d 52, 53-54 (D.D.C. 2009).  In ruling that it had jurisdiction to hear the detainees' claims,

---

[2]     Defendant asserts in her motion that her son, Eric Gavelek Munchel, is housed in general population.  Def.'s Mot. [40] at 2, 4.  This is incorrect.  *See* Ex. 1, Michele Jones Decl. at ¶ 2.

this Court pointed out that limiting the detainees' constitutionally-protected access to counsel and discovery could cause any conviction to be overturned and that "the Court is certainly not prohibited from remedying constitutional violations that infect its administration of criminal justice." *Id*. at 55.

Here, Defendant Eisenhart does not allege that her conditions of confinement have diminished her access to counsel or discovery.  Nor does she claim that the conditions have tainted the administration of criminal justice in any way.  In fact, Defendant Eisenhart makes no allegation that her constitutional rights have been violated at all.  She instead argues that her conditions of confinement are "unusual" and "unacceptable."  Def.'s Mot. [40] at 1, 4.  This Court does not have jurisdiction to consider a request for relief from confinement conditions that a detainee merely finds "unusual" and "unacceptable."

Because the Court does not have jurisdiction to consider Defendant Eisenhart's request for relief from her confinement conditions, the Court should deny her motion.

**II.    Even if the Court Has Jurisdiction to Address Defendant's Motion, the Court Should Decline to Do So Because She Has Failed to State a Constitutional Claim.**

If the Court rules that it does have jurisdiction to address Defendant Eisenhart's motion, then implicitly the Court is ruling that her allegations rise to the level of a violation of her constitutional rights.  *See Medina*, 628 F.Supp.2d at 55.  But Defendant Eisenhart has failed to state a constitutional claim because (1) she has failed to exhaust her administrative remedies, and (2) her confinement conditions are not punitive.

**A.   Defendant Has Not Exhausted Her Administrative Remedies.**

If Defendant Eisenhart is asserting a violation of her constitutional rights, then she must first exhaust her administrative remedies under the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Supreme Court observed that an inmate's use of prison grievance procedures helps to "reduce the quantity and improve the quality" of prisoner litigation by filtering out some claims and facilitating the development of a factual record for claims that do wind up in litigation.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[C]orrective action taken [by prison officials] in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation."  *Id.* at 525; *accord Booth v. Churner*, 532 U.S. 731, 737 (2001).  The exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter*, 534 U.S. at 520.  A prisoner must complete the administrative process, "regardless of the relief offered through administrative avenues."  *Booth*, 532 U.S. at 741.

DOC has an inmate grievance procedure.  *See* Ex. 2, Inmate Grievance Procedure (IGP).  One of the "grievable issues" under the IGP is housing.  *Id.* at ¶ 10(a)(1).  Under the IGP, an inmate held in the DOC facility should first attempt to resolve a grievance through informal resolution.  *Id.* at ¶ 2(a).  If the matter is not resolved informally, the inmate can then use the formal grievance process.  *Id.* at ¶ 2(b).  The inmate can appeal a formal grievance response to the Warden, *id.* at ¶ 22, and can appeal a Warden's response to the Deputy Director, which is the final level of appeal, *id.* at ¶ 25.

Based on her motion, it appears that Defendant Eisenhart has not availed herself of the IGP when it comes to her conditions of confinement.  *See generally* Def.'s Mot. [40].  Because the PLRA bars her from asserting her claim that the conditions of her confinement violate her constitutional rights, the Court should deny her motion.

**B.** **Defendant Has Not Alleged That Her Confinement Conditions Violate Her Constitutional Rights.**

Defendant Eisenhart has not asserted—or even alleged facts giving rise to an inference— that her confinement conditions amount to a violation of her rights under the Due Process Clause of the Constitution.  "[T]he Due Process Clause confers upon a prisoner neither a procedural nor substantive due process right to a particular placement or classification."  *United States v. Rojas-Yepes*, 630 F. Supp. 2d 18, 22 (D.D.C. 2009); *see Hewitt v. Helms*, 459 U.S. 460, 467 (1983).  In *Medina*, after ruling that it had jurisdiction to hear the defendants' complaints about the conditions of their confinement, this Court ultimately held that their classifications at the Jail were not punitive and thus did not violate the Due Process Clause.  628 F.Supp.2d at 56-57. Here, Defendant Eisenhart has neither asserted directly, nor alleged facts in support of, any argument that her confinement conditions are punitive.  She therefore fails to allege any violation of her constitutional rights, and the Court should deny her motion.

## CONCLUSION

For the forgoing reasons, the District requests that this Court deny Defendant Lisa Marie Eisenhart's Motion for Relief from Confinement Conditions or for Transfer to a More Suitable Jail Facility.

Date:    March 9, 2021                                     Respectfully submitted

                                                          KARL A. RACINE
                                                          Attorney General for the District of Columbia

                                                          CHAD COPELAND
                                                          Deputy Attorney General
                                                          Civil Litigation Division

                                                          */s/ Stephanie E. Litos*
                                                          STEPHANIE E. LITOS [483164]
                                                          Assistant Deputy Attorney General
                                                          Civil Litigation Division

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
Assistant Attorney General
400 6th Street, N.W.
Washington, D.C. 20001
(202) 724-6626 (office)
(202) 664-4791 (cell)
(202) 741-5920 (fax)
philip.medley@dc.gov

*Counsel for the District of Columbia*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATE OF AMERICA,

    v.

LISA MARIE EISENHART,

Case No. 1:21-cr-00118-RCL

## DECLARATION OF MICHELE JONES

I, Michele Jones, state the following:

1. I am a Deputy Warden at the Department of Corrections for the District of Columbia (DOC), and I oversee the Central Treatment Facility at the D.C. Jail. I have served in this role since May 7, 2017.

2. For their own safety and security, all of the detainees who are being held at the Jail in connection with the events that occurred on January 6, 2021 at the Capitol Building have been placed in restrictive housing. Defendant Lisa Marie Eisenhart and her son, Eric Gavelek Munchel, are two such detainees, and they are both being held in restrictive housing units.

3. On March 3, 2021, Defendant Eisenhart was mistakenly transferred from a restrictive housing unit to general population. DOC discovered the mistake and transferred Defendant Eisenhart back to a restrictive housing unit on March 4, 2021.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
MICHELE JONES
Deputy Warden
Department of Corrections

DATE EXECUTED: _3/8/21_

# EXHIBIT 2

| | DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 1 of 26** |
|---|---|---|---|---|
| | | **SUPERSEDES:** | 4030.1K<br>January 18, 2018 | |
| | | **OPI:** | OPERATIONS | |
| | | **REVIEW DATE:** | January 9, 2021 | |
| | | **Approving Authority:** | Quincy L. Booth<br>Director | |
| | **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| | **NUMBER:** | **4030.1L** | | |
| | **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment  B – Inmate Informal Resolution Compliant Form<br>Attachment C – Inmate Formal Grievance Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

**SUMMARY OF CHANGES:**

| Section | Change |
|---|---|
| Entire Policy | ***Changes throughout entire policy and attachments.*** |
| | |

**APPROVED:**

*Signature on File*

_____
***Quincy L. Booth, Director***

___**January 9th 2020**_____
***Date Signed***

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 2 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

1.   **PURPOSE AND SCOPE.**  To provide administrative procedures through which inmates of the District of Columbia Department of Corrections (DOC) may seek resolution of complaints.

2.   **POLICY**

   a.   It is DOC policy to provide administrative means for expression and resolution of inmate issues and complaints through informal resolution. Many matters can and should be resolved directly and promptly between the inmate and authorized institutional staff and resolution shall be the primary goal.

   b.   If informal resolution does not provide a successful solution for the complaint or in the event of an emergency grievance, inmates may use the formal grievance process.

   c.   The grievance process has at least one level for appeal.

   d.   All complaints and grievances shall be considered and resolved in a fair and impartial manner.

   e.   Grievances are considered legal correspondence. Staff shall not open or inspect a sealed envelope that is labeled "Grievance" and addressed to the Grievance Coordinator, Warden or any Deputy Director of the DC DOC.

   f.   DOC employees, contractors, interns and volunteers shall not retaliate or allow one inmate to retaliate against another inmate for the good faith use of, or participation in, the inmate grievance process.

3.   **APPLICABILITY**

   a.   This directive applies to DOC Central Detention Facility (CDF") and the Correctional Treatment Facility (CTF) that houses or provides services to inmates under the care and custody of the DOC.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 3 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

4.  **NOTICE OF NON-DISCRIMINATION**. In accordance with the D.C. Human Rights Act of 1977, as amended, D.C. Code §2-1401.01 et seq., (Act) the District of Columbia does not discriminate on the basis of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, status as a victim of an intrafamily offense, or place of residence or business.  Sexual harassment is a form of sex discrimination that is also prohibited by the Act.  Discrimination in violation of the Act will not be tolerated. Violators will be subject to disciplinary action.

5.  **PROGRAM OBJECTIVES.** The expected results of this program are:

    a.  Open lines of communication will identify, prevent and resolve matters thereby reducing the need for inmate complaints and grievances.

    b.  Inmate grievances will be resolved through formal procedures when informal means have failed.

    c.  Written responses based upon investigation and resolution when appropriate, including the reasons for the decision, shall be given to all inmate complaints and grievances within the prescribed time limits.

    d.  Inmates will use this procedure and pursue claims in court only if dissatisfied with resolutions obtained from the IGP.

6.  **DIRECTIVES AFFECTED**

    a.  **Directive Rescinded**

        PP 4030.1K          Inmate Grievance Procedures (IGP) (1/18/18)

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 4 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

b. **Directives Referenced**

PM  1300.1        Freedom of Information Act (FOIA)

PS  2000.2        Retention and Disposal of Department Records

PP  3350.2        Elimination of Sexual Abuse, Assault, and Misconduct

PP  3800.3        ADA: Communications for Deaf and Hard of Hearing

PP  4020.1        Inmate Orientation Program

PP  4070.1        Inmate Telephone Access

PM  5300.1        Inmate Disciplinary and Administrative Housing Hearing Procedures

7.  **AUTHORITY**

a.  DC Code § 24-211.02  Powers; Promulgation of Rules

b.  Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

c.  D.C. Code § 2-531, et seq., D.C. Freedom of Information Act

8.  **STANDARDS REFERENCED.** American Correctional Association (ACA) 4th Edition Standards for Adult Local Detention Facilities 4-ALDF-2A-05, 4-ALDF-2A-27, 4-ALDF-6B-01, 4-ALDF-4C-01, 4-ALDF-4D-22-07 and 4-ALDF-6A-07.

9.  **RESPONSIBILITIES**

a.  The Deputy Director for Programs and Case Management (DDPCM) or designee shall ensure that an inmate grievance procedure is established,

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 5 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | 4030.1L | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

communicated and provides responses to inmates in accordance with the procedures set forth in this directive.

b.  The respective Deputy Director(s) that receives an Inmate Informal Resolution Complaint (INF), Inmate Formal Grievance (FG), and Appeal Deputy Director (APPEAL) shall ensure that an investigation is conducted and an adequate response supported by DOC policy, procedure, rules and regulations, or law is prepared for each level of response in accordance with the procedures set forth in this directive.

c.  Each facility and housing unit shall maintain a supply of all IGP forms in English and Spanish and have an IGP box for submission of IGPs. The forms used in the IGP process are the Informal Resolution Complaint (INF), Inmate Formal Grievance (FG), Warden's Administrative Remedy (WARDEN), and Appeal – Deputy Director (APPEAL) Forms.

d.  Each housing unit supervisor shall ensure that all forms are available and accessible to inmates during his or her tour of duty.

e.  The inmate grievance procedures shall be available to inmates regardless of any disciplinary, classification, or other administrative or legal conditions affecting them.

f.  The Central Detention Facility and Correctional Treatment Facility IGP Coordinators shall be responsible for coordinating the daily activities and operations associated with the IGP policy to include retrieving IGPs from the IGP box, distribution of IGPs to the appropriate area, tracking, database entry, establishment of response due dates and ensuring responses address inmate issue or concern.

g.  The inmate should attempt to resolve any issue by communicating with a staff person before initiating an Informal Resolution Complaint form.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 6 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 10.  GRIEVABLE ISSUES

a.  *Grievance Issues.*  Inmates may request informal resolution and/or grieve the following matters through the grievance process:

1)  Matters relating to the conditions of safety, care and supervision such as:

   a.  Safety,
   b.  Sanitation
   c.  Facility Management,
   d.  Improper staff action,
   e.  Inappropriate use of force by staff,
   f.  Housing,
   g.  Facility Transfer
   h.  Transportation
   i.  Discrimination
   j.  Protection from harm,
   k.  Sexual harassment and sexual safety, ;

2)  Matters relating to inmate programs, activities and services such as:

   a.  Access to Courts (e.g. law library, legal mail, notary, attorney calls),
   b.  Access to and quality of health care,
   c.  Access to personal hygiene,
   d.  Canteen,
   e.  Case Management Service,
   f.  Food Service,
   g.  Inmate Finance,
   h.  Mail,
   i.  Programs and Activities,
   j.  Religious services and practices
   k.  Communications (e.g. mail, visitation, telephone, legal)

3)  Matters relating to inmate property;

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 7 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

4) Matters relating to individual staff treatment and inmate actions;

5) Matters relating to sentence computations, good time and jail credits, detainers, and late release;

6) Matters related to the denial of access to the informal resolution or IGP processes;

7) Reprisals against inmates for utilizing the IGP process;

8) Matters pertaining to inmate treatment and legal rights established by federal and local law and regulations; and

9) Matters related to the application of DOC rules, policies and/or procedures except those listed in Section b, ¶1 below (those matters have established appeal procedures); and

10) All Prison Rape Elimination Act (PREA) complaints regarding sexual abuse and sexual violence shall be made immediately to any DOC staff person.

b. *Non-Grievable Issues.* In accordance with this directive the following issues cannot be grieved under this process.

1) Institutional or Court Ordered Work Release decisions,

2) Classification Committee decisions

3) Requests under the Freedom of Information Act (FOIA) and HIPAA

4) Inmate class action grievances or petitions;

5) Final decisions on grievances after appeals are exhausted;

6) Inmate Accident Claims, Tort Claims;

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 8 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

7) Complaints filed on behalf of other inmates;

8) Federal and local court decisions, laws and regulations;

9) Policies, procedures, decisions or matters to include but not be limited to transfers, sentence computations, warrants, detainers, writs, holds and parole/probation/release treatment decisions issued by the U.S. Parole Commission. the Federal Bureau of Prisons, Immigration and Customs Enforcement (ICE) or other Agencies, States and Jurisdictions;

10) Disciplinary Board and Housing Hearing rulings cannot be grieved under this policy, but can be appealed to the Warden in accordance with PM 5300.1, Inmate Disciplinary and Administrative Housing Hearing Procedures.


## 11. INMATE NOTIFICATION/LANGUAGE ACCESS

a. The DDPCM or designee shall ensure that this directive and any other written directives pertaining to the Inmate Grievance Procedure (IGP) are readily available to all inmates/offenders in English and Spanish.

b. The inmate grievance procedure is outlined in The Inmate Handbook, and further notification of the procedures shall also be given to each inmate during intake orientation.

c. This directive shall be readily available in the law library, case manager offices, and posted in inmate housing units.

d. The DDPCM or designee shall ensure that non-English speaking inmates, inmates who cannot read or are otherwise disabled (physically or mentally), receive assistance in order to understand and access the inmate grievance procedures when requested.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 9 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 12.  STAFF NOTIFICATION/TRAINING

a.  The Deputy Director(s) shall ensure that this directive and any other written directives pertaining to the IGP are made available to all staff assigned to DOC.

b.  Center for Professional Development and Learning (CPDL) shall include a discussion of this directive as part of its Pre-Service, Basic Correctional Training (BCT) and In-Service training curriculum for employees.

c.  Staff members shall have an opportunity to ask questions regarding the IGP and will be given an opportunity to have these questions answered orally.

d.  The Training Administrator shall maintain the signed acknowledgements indicating that staff members have reviewed a copy of the IGP policy.

## 13.  SUPERVISION AND MANAGEMENT

a.  The Warden or designee, Deputy Warden and designated program managers shall visit housing units and inmate activity areas at least weekly to encourage informal contact with staff and inmates and to informally observe living and working conditions.

b.  DOC Chief Case Manager, Case Managers, Correctional Supervisors and Housing Unit Officers shall make every attempt to keep the channels of communication open between staff and inmates and shall informally resolve issues expeditiously whenever possible.

c.  When the IGP Coordinators or IGP Supervisor determine that the results of an inmate grievance reveal deficiencies at DOC, appropriate action shall be

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 10 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | 4030.1L | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

taken. This action may include recommendations for procedural changes, refresher training, counseling, and corrective actions as appropriate.

14. **INVESTIGATING GRIEVANCES**.  Managers, Supervisors, Chiefs, Special Assistants, Deputy Directors or designees shall investigate and respond to INF, FG, WARDEN and APPEAL forms within the established timeframe per the response due date specified by the IGP Coordinator.  **Persons implicated or involved in a grievance are prohibited from investigating that grievance.**

15. **CONFIDENTIALITY.**  Records concerning an individual's participation in the IGP are considered confidential.  These records shall be made available in accordance with the established procedures for confidential records and information, as contained in the D.C. Freedom of Information Act and agency PP 1300.1, *Freedom of Information Act (FOIA).*

16. **INMATE GRIEVANCE ADVISORY COMMITTEE (IGAC).**  The CDF and CTF shall establish and maintain an IGAC, composed of three (3) to five (5) inmates. The committee shall consist of the IGP Coordinator, at least one program manager and one uniformed supervisor.  The IGAC shall meet monthly and has the following responsibilities:

a.  Discuss general inmate concerns and grievance matters as defined in this directive;

b.  Provide recommendations and comments to the DDPCM and WARDENden regarding the operation, effectiveness, and credibility of the IGP process;

c.  Provide recommendations to the Deputy Director(s) for improved activities and conditions;

d.  Review the IGP Policy and Procedure during annual reviews; and

e.  Prepare and for the Warden minutes of IGAC meetings to the DDPCM, Warden and designee for review and other appropriate action.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 11 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | 4030.1L | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 17.  DOC PROCEDURES FOR PROCESSING A GRIEVANCE

a.  **IGP Coordinator**

1)  The IGP Coordinator or designee shall collect inmate grievances from each housing unit IGP box on three (3) business days per week, Monday through Friday (excluding Saturday, Sunday and holidays).

2)  The IGP Coordinator shall inform the inmate in writing of the following:

a.  Resolution of INF, FG, WARDEN, and APPEAL;

b.  When a non-emergency grievance  is non-grievable;

c.  When the matter cannot be grieved under the IGP;

d.  If a grievance is not accepted as an emergency grievance and the inmate may resubmit as an INF;

3)  The IGP Coordinator shall generate an inmate receipt using the Crystal reports Informal Resolution Request Receipt or IGP Grievance Receipt.

4)  The IGP Coordinator shall forward the inmate receipt and responses via DOC In-house Legal Mail.

5)  The IGP Coordinator shall input required data into JACCS and PaperClip, which includes, but is not limited to;

a.  Grievance Entry Information - The IGP Coordinator shall enter the *JACCS Grievance Type Code* to indicate the subject of each complaint in order to permit efficient reporting, tracking and monitoring of informal resolution and grievances.

b.  If an extension is granted and the date that a response is due changes, enter the new date.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 12 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

6) Review of FG responses for appropriateness.

7) Track the grievance referred for investigation.

8) The IGP Coordinator shall scan all INF, FG, WARDEN, and APPEAL forms with response into PaperClip.

9) The IGP Coordinator shall forward the INF to the appropriate Division Manager for investigation and resolution.

10) The IGP Coordinator will monitor response due dates for grievances filed using the Crystal Reports *IGP Grievances Due Next 7 Days* and *IGP Overdue Grievances* features.

11) Notify the affected inmate in writing of the need for the extension and of the specific length of the extension.

12) Apprise the appropriate Deputy Director and/or Supervisor when response due dates are not met.

13) Ensure the inmate keeps/receives their copy of the INF, FG, WARDEN and/or APPEAL forms submitted.

14) If the inmate is transferred or released from DOC, the IGP Coordinator shall close the IGP and enter as Closed – Inmate Release/Transferred in JACCS.

15) The IGP Coordinator shall ensure that the response to the IGP form submitted is included in the inmate's official institutional record in PaperClip.

16) Review all FG responses and document whether the assigned manager or designee response is responsive to the issue or concern and cites DOC Policy, Procedures, Rules and Regulations or relevant law.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | January 9, 2020 | **Page 13 of 26** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES**: | 4030.1K January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | 4030.1L | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames Attachment B –Inmate Informal Resolution Complaint (INF) Form Attachment C – Inmate Formal Grievance (FG) Form Attachment D – Return of Grievance Form Attachment E – Crystal Report IGP Receipt Attachment F – Warden's Administrative Remedy (WARDEN) Form Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

17) Bring matters of concern or potential problems to the DDPCM, IGP Supervisor, WARDEN and/or other appropriate manager's attention.

b. **The Department Manager or Special Assistant shall:**

1) Impartially investigate each INF or FG and make every effort to reach a reasonable resolution;

2) Provide a detailed response to each INF or FG received.

3) Provide a written response on the INF or FG form to the IGP Coordinator within the established timeframe for the INF or FG as noted on the INF or FG as established within this policy;

4) Sign all INF or FG forms;

5) In consultation with the IGP Coordinator, determine that a sufficient response to a grievance cannot be rendered within the prescribed time limitation and when an extension for a response is needed, the following shall occur:

   a. The affected inmate must be notified in writing of the need for the extension and of the specific length of the extension.

   b. Otherwise, when a grievance does not receive a response within the prescribed response time, as established in this policy, the inmate may proceed to the next step in the grievance procedure.

6) Talk to inmates when they see trends in INF or FGs.

The respective Deputy Director(s) may assign staff to perform the above stated duties at the respective appeal levels.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 14 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 18.  TIME REQUIREMENT FOR INITIAL INMATE COMPLAINT

a.  The inmate is to submit all IGP within five (5) calendar days from the date of the incident causing the issue, unless the inmate can provide a reasonable explanation for a delay. Normally, the inmate should discuss the issue with a staff person with all available information to assist in the resolution of a complaint.

b.  Failure of the inmate to properly attempt to resolve the complaint may result in the IGP form being rejected.

## 19.  INFORMAL RESOLUTION COMPLAINT (INF) PROCESS

a.  With the exception of emergency grievances, inmates are required to utilize the informal resolution process concerning disputes, or complaints using the INF form (Attachment C).

b.  Inmate Informal Resolution/Grievance Forms.

1)  Inmates shall be able to request informal resolution within five (5) calendar days after satisfied triggering incident.

2)  Inmates may request the INF form (Attachment C) from any staff member who is assigned to his or her housing unit and the staff member shall give the inmate the form during his or her shift or tour of duty.

3)  The inmate shall request DOC staff sign and date the INF form prior to placing the INF form in the IGP box for the IGP Coordinator to pick up, review, record and disseminate or return.

4)  The IGP Coordinator will review the INF to determine if it is grievable. If the INF is not grievable, the IGP Coordinator will complete the Denial of

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 15 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

Inmate IGP form (Attachment B), log it in JACCs and PaperClip and return it to the inmate via DOC In-house Legal Mail.

5) Where the INF is determined to be grievable, the IGP Coordinator will log the INF into the JACCs system to review, record, and disseminate to the appropriate department Manager and copy the Deputy Director for the respective division.

6) The IGP Coordinator will forward the grievable INF to the appropriate Manager or designee with a response due date and cc the Deputy Director.

7) The Manager or designee shall investigate to determine if a remedy is appropriate and possible. All informal resolutions relating to Contractors services shall also be forwarded to the Contract Monitors

8) The Manager or designee shall develop a response supported by DOC Policy, Procedures, Rules and Regulations and relevant law to be provided to the inmate in an attempt to resolve the issue informally.

9) The Manager or designee shall respond to the inmate complaint within four (4) business days or by the response due date noted on the INF by submitting the signed official response on the INF form received to the IGP Coordinator who will forward the response to the inmate via the DOC In-house Legal Mail.

10) The inmate shall receive a response to the INF within seven (7) business days of receipt by the IGP Coordinator via DOC In-house Legal Mail.

11) The IGP Coordinator will update JACCs with the response and scan the INF form with response into the inmate record in PaperClip.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 16 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 20. CRITERIA FOR FILING A FORMAL GRIEVANCE (FG)

a. An inmate may file an FG when:

   1) The inmate is not satisfied with the response of the INF, in which case the inmate shall file the FG within five (5) calendar days of receipt of the INF response, or

   2) The inmate has not received a response within seven (7) business days of filing the INF.

b. Each grievance must pertain to one specific incident, charge or complaint.

c. Inmates shall not submit redundant or duplicate copies of the same grievance.

## 21. FORMAL GRIEVANCE (FG) PROCESS

a. If the triggering incident that is the subject of the INF was not resolved to the satisfaction of the inmate, the inmate may submit the FG form and the INF form that contains the response in the IGP.

b. The inmate shall request DOC staff sign and date the FG form or separate paper prior to placing the FG in the IGP box.

c. Inmates in restrictive housing units shall place the grievance form in the locked box marked "IGP" during their individual recreation time or may also submit the FG to their assigned case manager or a supervisor, having first placed the FG in a sealed envelope.  The case manager or supervisor shall then place the FG in the locked box marked "IGP".

d. The Grievance Coordinator shall log all FGs into the JACCS system.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | January 9, 2020 | **Page 17 of 26** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES**: | 4030.1K January 18, 2018 | |
| | | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | | |
| **NUMBER:** | **4030.1L** | | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames Attachment B –Inmate Informal Resolution Complaint (INF) Form Attachment C – Inmate Formal Grievance (FG) Form Attachment D – Return of Grievance Form Attachment E – Crystal Report IGP Receipt Attachment F – Warden's Administrative Remedy (WARDEN) Form Attachment G – Appeal - Deputy Director (APPEAL) Form | | | |

e.   The IGP Coordinator shall generate an inmate receipt using the Crystal Reports IGP Receipt (Attachment E).

f.   The IGP Coordinator shall forward the inmate receipt to the inmate via DOC In-house Legal Mail.

g.   The IGP Coordinator shall email the FG to the appropriate Special Assistant of each division or designee with the response due date of eleven (11) business. The Contract monitor shall be copied on all response requests related to contracted services.

h.   The Special Assistant of each Division is responsible for responding to the FG and shall ensure that the IGP Coordinator receives the FG response supported by DOC Policy, Procedures, Rules and Regulations and relevant law and any corresponding documentation to ensure that the FG is appropriately responded.

i.   The inmate shall receive a response to the FG, via DOC In-house Legal Mail, within 15 business days of receipt by the IGP Coordinator.

j.   The IGP Coordinator shall update JACCs with the response and scan the FG form with response into the inmate record in PaperClip.

k.   Unless an extension is granted due to extenuating circumstances, the inmate shall receive a response within 15 calendar days of submission.

## 22.   REQUEST FOR WARDENDEN'S ADMINISTRATIVE REMEDY (WARDEN)

a.   Within five (5) calendar days of receiving the FG response from the IGP Coordinator, the inmate may elect to appeal the decision by submitting a WARDEN form (Attachment F) with the IRC and FG responses via the IGP box.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 18 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

b.    The inmate shall request DOC staff sign and date the WARDEN form prior to placing the WARDEN form in the IGP box.

c.    The IGP Coordinator will record the WARDEN in JACCs and forward to the Warden or his designee.

d.    The Warden or his designee shall review the WARDEN form and issue a response supported by DOC Policy, Procedures, Rules and Regulations, and relevant law within twelve (12) business days of receipt of the WARDEN form by the IGP Coordinator.

e.    The Warden's office shall ensure appropriate remedies for valid grievances are provided.

f.    The IGP Coordinator will forward the WARDEN response to the inmate via In-house Legal Mail.

g.    The IGP Coordinator shall scan the WARDEN form with response into the inmate record in PaperClip.

## 23.   PROCEDURES FOR FILING AN EMERGENCY GRIEVANCE

a.    Emergency grievances shall be defined as matters in which an inmate would be subjected to substantial risk of personal injury or serious and irreparable harm if the inmate filed the grievance in the routine manner with the normally allowed response time.

b.    The inmate must prominently label and identify the grievance as an "Emergency Grievance" at the top of the INF Form (Attachment C) and state the nature of the emergency.

c.    The inmate shall file the emergency grievance in a sealed envelope and shall mark the envelope as an emergency grievance.  The inmate shall address his

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 19 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

or her emergency grievance to the lowest administrative level at which an appropriate remedy can be achieved (i.e., WARDENden, or Deputy Director).

d.   If it is necessary for an inmate to file an emergency grievance on the weekend or a holiday, the sealed envelope shall be given to the Shift Supervisor. The Shift Supervisor will ensure that the Duty Administrative Officer is notified upon receipt of the emergency grievance.

e.   If an inmate's grievance is of a sensitive nature and he/she has reason to believe that he/she would be adversely affected if it was to become known at the institutional level, he/she may file the grievance directly with the Deputy Director.  All such emergency grievances may be placed in the IGP box in the housing unit or forwarded via regular institutional mail.

f.   The IGP Coordinator shall immediately review and consult with the Warden, to determine if the complaint is of an emergency nature as defined in this directive.

g.   The IGP Coordinator shall inform the inmate if their grievance is not accepted as an emergency grievance and that it may be resubmitted as an INF via DOC In-house Legal Mail.

h.   The following special provisions shall apply to emergency grievances:

1)   An emergency grievance shall be responded to within seventy-two (72) hours of its receipt.

2)   Within forty-eight (48) hours of receiving a response to the emergency grievance, an inmate may appeal to the next level of the IGP appeal process, unless the emergency went directly to the director.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 20 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 24.  EMERGENCY GRIEVANCE FOR PREA ALLEGATIONS

a.  Inmates may, but are not required to, file a complaint of sexual assault, sexual abuse, or sexual misconduct directly with the Deputy Director as an emergency grievance.

b.  The Deputy Director or designee shall immediately forward the complaint to the PREA Coordinator, who will initiate the investigation with the Office of Investigative Services (OIS).

c.  OIS shall issue a final agency decision on the merits of the grievance within ninety (90) calendar days of the initial filing of the grievance.  OIS may request an extension of time to respond, of up to seventy (70) calendar days if ninety (90) calendar days is insufficient to make an appropriate decision.

d.  OIS shall notify the inmate in writing of any such extension and provide a date by which a decision will be made.

e.  After receiving an emergency grievance alleging that an inmate is subject to a substantial risk of imminent sexual abuse, DOC shall provide an initial response within forty-eight (48) hours and shall issue a final decision within five (5) calendar days.

f.  The initial response and final agency decision shall document DOC's determination whether the inmate is at substantial risk of imminent sexual abuse and the action taken in response to the emergency grievance.

## 25.  FILING AN APPEAL - DEPUTY DIRECTOR

a.  If an inmate is not satisfied with the WARDEN response, he or she may file an appeal to the appropriate Deputy Director based on the issue.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 21 of 26** |
|---|---|---|---|
| | **SUPERSEDES:** | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

b. This appeal shall be filed within five (5) calendar days of receipt of the WARDEN response, using the APPEAL form (Attachment G). The appeal shall include a copy of the INF, FG and WARDEN responses with supporting documentation. If the *APPEAL* form cannot be obtained; an inmate may submit the appeal on separate paper via the IGP box.

c. The inmate shall request DOC staff sign and date the APPEAL form or separate paper prior to placing the APPEAL in the IGP box.

d. The IGP Coordinator will record the appeal in JACCs and disseminate to the appropriate Deputy Director.

e. The Deputy Director shall respond to an appeal within nineteen (19) business days following its receipt by the IGP Coordinator.

f. The IGP Coordinator will forward the APPEAL response to the inmate via DOC In-house Legal Mail.

g. The IGP Coordinator shall scan the APPEAL with response into the inmate record in PaperClip.

h. The Deputy Director shall be the final level of appeal for each inmate that files a grievance consistent with the DOC IGP Policy.

## 26. IGP RESPONSE EXTENSION

The IGP Coordinator, by request of the responder to the IGP, may request an extension of fifteen (15) business days when the response may not be provided by the its due date due as a result of extenuating circumstances. Examples include

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | | **EFFECTIVE DATE:** | January 9, 2020 | **Page 22 of 26** |
|---|---|---|---|---|
| | | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | | |
| **NUMBER:** | **4030.1L** | | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | | |

but are not limited to: when a staff member is not available due to leave or otherwise is unavailable; when there is an unexpected emergency or the matter pending a broader investigation; or mail is delayed.

a.  When a sufficient response to a grievance cannot be rendered within the prescribed time limitation, the following shall occur:

  1)  The affected inmate must be notified in writing of the need for the extension and of the specific length of the extension.

  b.) Otherwise, when a grievance does not receive a response within the prescribed response time, as established in this policy, the inmate may proceed to the next step in the grievance procedure.

## 26.  IGP FORM SUBSTITUTION

If the IGP form cannot be obtained, an inmate may submit his or her grievance on standard letter-sized paper. The grievance must contain the following information:

a.  Name and DCDC number of the inmate filing the grievance;

b.  Name of the housing unit/number and cell number where the inmate is housed;

c.  Nature of the complaint or grievance, date and time of occurrence, and the remedy sought;

d.  Inmate's signature; and

e.  Date submitted.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 23 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

## 27.  INMATE ASSISTANCE IN SUBMITTING A GRIEVANCE-

An inmate may assist another inmate at the same facility in preparing a grievance or an appeal. Assistance in preparing the grievance or appeal may include an inmate writing the document for another inmate who cannot write, has limited understanding of English, or whose handwriting is not legible. However, the complaining inmate must sign the grievance or appeal and submit it to staff for signature and date before placing in IGP box.

## 28.  INMATE ABUSE OF THE GRIEVANCE PROCESS

All grievances must be presented in good faith and for good cause. Inmates shall not deliberately misuse the grievance process. If it is documented by the DDPCM or designee that an inmate is deliberately abusing the grievance process through excessive filing of grievances [1], filling frivolous or fraudulent grievances, filing grievances concerning non-grievable issues, intentionally filing emergency grievances that are non-emergencies, and/or repeatedly refusing to follow these grievance procedures, the DDPCM or designee will notify the inmate, in writing, that such actions are creating an administrative burden at the expense of legitimate grievances and that and that their excessive, fraudulent, additional grievance(s) will not be accepted by the agency or not be considered until all pending grievances have been resolved.

If an inmate's excessive grievance filing is determined to be a result of the inmate's inherent intent of deception, i.e., **lying**, a disciplinary report shall be

---

[1] The filing of more than five grievances in a week or 20 or more grievances in any 180 consecutive days may be considered excessive and may be determined to be abusing the grievance procedure. However, abuse shall not be determined solely on the number of grievances. The assessment shall also take into consideration the nature of the grievances and whether or not any other abuse factors identified in this program statement.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 24 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | INMATE GRIEVANCE PROCEDURE (IGP) | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

written by the IGP Coordinator, in accordance with PM 5300.1, *Inmate Disciplinary and Administrative Housing Hearing Procedures.*

## 29.  TRANSFERS/RELEASES

If a grievance is submitted for response and the inmate is transferred or released from DOC custody, resolution of the grievance will be closed.

## 30.  REPORTING

a.  The IGP Supervisor shall email the *Crystal Report IGP Complaint Log* that records all formal grievances entered in JACCS.  Not later than the 10th day of each month, a copy of this log, reflecting grievances filed during the previous month, shall be forwarded to the Deputy Directors, Warden, Deputy Wardens and Managers or Supervisors that receive FG or WARDEN forms during the month.

b.  The IGP Coordinator shall enter a grievance type code in the JACCs IGP screen for each INF entered. If a subject category does not exist, the IGP Coordinator will recommend the creation of a grievance type code to the IGP Supervisor.

c.  All records, logs, and reports that pertain to inmate IGPs shall be maintained in accordance with PS 2000.2*, Retention and Disposal of Department Records.*

d.  The Director shall provide to the Council on a quarterly basis internal reports relating to living conditions in the Central Detention Facility, including inmate informal and formal grievances and a copy of the *Unresolved Grievance Logs*.

## 31.  IGP EVALUATION

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 25 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

a.  The DOC Compliance and Review Officer shall review IGP reports and conduct quarterly audits, and, in conjunction with the DDPCM or designee Warden, Deputy Wardens and relevant Program Managers to determine plans of action where warranted to improve safety and program performance.

b.  At a minimum, the reviews described above, shall include assessments of the following operational factors:

1)  Compliance with Response Time – An assessment to determine if inmate grievances are responded to within the prescribed time periods.

2)  Availability of Forms – A determination of the accessibility and availability of the forms used to submit grievances.

3)  Response to Grievances – An analysis to determine if appropriate responses and remedies are being provided in response to grievances.

4)  Credibility of the System – An assessment of inmate knowledge of, satisfaction with, and confidence in the IGP.

5)  Conclusions and Recommendations – An evaluation of the data generated through the IGP process (i.e., number of grievances, types of grievances filed, number and types of grievances by institutions).  This data shall be used to develop specific conclusions and recommendations regarding Department operations and the DOC IGP.

## ATTACHMENTS


Attachment A – Inmate Grievance Process and Time Frames
Attachment B – Denial of Inmate IGP Form
Attachment C – Inmate Informal Resolution Complaint (INF) Form
Attachment D –  Inmate Formal Grievance (FG) Form
Attachment E –Crystal Report IGP Receipt

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | January 9, 2020 | **Page 26 of 26** |
|---|---|---|---|
| | **SUPERSEDES**: | 4030.1K<br>January 18, 2018 | |
| | **REVIEW DATE:** | January 9, 2021 | |
| **SUBJECT:** | **INMATE GRIEVANCE PROCEDURE (IGP)** | | |
| **NUMBER:** | **4030.1L** | | |
| **Attachments:** | Attachment A - Inmate Grievance Process and Time Frames<br>Attachment B –Inmate Informal Resolution Complaint (INF) Form<br>Attachment C – Inmate Formal Grievance (FG) Form<br>Attachment D – Return of Grievance Form<br>Attachment E – Crystal Report IGP Receipt<br>Attachment F – Warden's Administrative Remedy (WARDEN) Form<br>Attachment G – Appeal - Deputy Director (APPEAL) Form | | |

Attachment F – Warden's Administrative Remedy (WARDEN) Form
Attachment G- Appeal - Deputy Director (APPEAL) Form

**DOC/PP4030.1/1/8/2020**