APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: **1:21−cr−00118−RCL−2**
### *Internal Use Only*

Case title: USA v. MUNCHEL et al
Magistrate judge case number: 1:21−mj−00071−ZMF

Date Filed: 02/12/2021

Assigned to: Judge Royce C. Lamberth

Appeals court case number: 21−3011

**Defendant (2)**

| | | |
|---|---|---|
| **LISA MARIE EISENHART** | represented by | **Gregory Stuart Smith** |
| | | LAW OFFICES OF GREGORY S. SMITH |
| | | 913 East Capitol Street, SE |
| | | Washington, DC 20003 |
| | | (202) 460−3381 |
| | | Fax: (877) 809−9113 |
| | | Email: gregsmithlaw@verizon.net |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. 1512(c)(2), (k); TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding (1) | |
| 18 U.S.C. 1752(a)(1)−(2), (b), 2; TEMPORARY RESIDENCE OF THE PRESIDENT; Restricted Building or Grounds (2) | |
| 40 U.S.C. 5104(e)(1), (2), 2; FEDERAL STATUTES, OTHER; Violent Entry or Disorderly Conduct (3) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:371, 18:231(a)(3), 18:1752(a), and 40:5104(e)(2) | |

---

**Plaintiff**

| **USA** | represented by | **Ahmed Muktadir Baset** |
|---|---|---|
| | | U.S. ATTORNEY'S OFFICE |
| | | United States Attorney's Office for the District of Col |
| | | 555 Fourth Street, N.W. |
| | | Room 4209 |
| | | Washington, DC 20530 |
| | | 202–252–7097 |
| | | Email: ahmed.baset@usdoj.gov |
| | | *TERMINATED: 03/17/2021* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Justin Todd Sher** |
| | | U.S. DEPARTMENT OF JUSTICE |
| | | 950 Pennsylvania Avenue NW |
| | | Washington, DC 20530 |
| | | 202–353–3909 |
| | | Email: justin.sher@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Leslie A. Goemaat** |
| | | U.S. ATTORNEY'S OFFICE |
| | | 555 4th St. NW |
| | | Washington, DC 20530 |
| | | 202–803–1608 |

Email: leslie.goemaat@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/15/2021 | 1 | | COMPLAINT as to ERIC GAVELEK MUNCHEL (1), LISA MARIE EISENHART (2). (Attachments: # 1 Affidavit in Support) (bb) [1:21–mj–00071–ZMF] (Entered: 01/16/2021) |
| 01/26/2021 | 6 | | Emergency MOTION to Stay *Release Order*, MOTION to Review *Release Order* by LISA MARIE EISENHART. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Baset, Ahmed) Modified relief on 1/28/2021 (znmw). [1:21–mj–00071–ZMF] (Entered: 01/26/2021) |
| 01/26/2021 | 7 | | ORDER, as to LISA MARIE EISENHART, GRANTING the government's 6 Motion to Stay. Signed by Chief Judge Beryl A. Howell on January 26, 2021. (lcbah4) [1:21–mj–00071–ZMF] (Entered: 01/26/2021) |
| 01/26/2021 | 8 | | TRANSPORT ORDER, as to LISA MARIE EISENHART. Signed by Chief Judge Beryl A. Howell on January 26, 2021. (lcbah4) [1:21–mj–00071–ZMF] (Entered: 01/26/2021) |
| 01/26/2021 | 9 | | REVISED TRANSPORT ORDER, as to LISA MARIE EISENHART. Signed by Chief Judge Beryl A. Howell on January 26, 2021. (lcbah1) [1:21–mj–00071–ZMF] (Entered: 01/26/2021) |
| 02/01/2021 | 11 | | NOTICE OF ATTORNEY APPEARANCE: Gregory Stuart Smith appearing for LISA MARIE EISENHART (Smith, Gregory) [1:21–mj–00071–ZMF] (Entered: 02/01/2021) |
| 02/04/2021 | 14 | | MOTION to Adopt and Join Motion Filed by Co–Defendant re 13 Emergency MOTION to Rescind Stay of Release Order or to Conduct an Immediate Review of Detention by ERIC GAVELEK MUNCHEL as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART. (Roland, Sandra) Modified relief on 2/8/2021 (znmw). [1:21–mj–00071–ZMF] (Entered: 02/04/2021) |
| 02/04/2021 | 13 | | ENTERED IN ERROR.....Emergency MOTION to Rescind Stay of Release Order or to Conduct an Immediate Review of Detention by LISA MARIE EISENHART. (Attachments: # 1 Exhibit A)(Smith, Gregory) Modified to entere in error on 2/8/2021; refiled as Docket Entry 15 (znmw). [1:21–mj–00071–ZMF] (Entered: 02/04/2021) |
| 02/04/2021 | 15 | | Amended MOTION to Revoke *Stay of Release Order or to Conduct an Immediate Review of Detention* re 13 Emergency MOTION to Rescind Stay of Release Order or to Conduct an Immediate Review of Detention by LISA MARIE EISENHART. (Attachments: # 1 Exhibit A)(Smith, Gregory) Modified relief on 2/8/2021 (znmw). [1:21–mj–00071–ZMF] (Entered: 02/04/2021) |
| 02/04/2021 | 16 | | MOTION to Review *Order of Detention* by LISA MARIE EISENHART. (See Docket Entry 15 to view document). (znmw) [1:21–mj–00071–ZMF] (Entered: 02/08/2021) |
| 02/05/2021 | | | MINUTE ORDER (paperless), as to ERIC GAVELEK MUNCHEL and LISA |

| | | | |
|---|---|---|---|
| | | | MARIE EISENHART, DIRECTING, upon consideration of defendant Eisenhart's 15 Corrected Motion to Rescind Stay of Release Order or to Conduct an Immediate Review of Her Detention ("Eisenhart Motion") and defendant Munchel's 14 Motion to Adopt and Join Motion Filed by Co−Defendant ("Munchel Motion"), in particular defendants' representations that they both remain detained in the Middle District of Tennessee and have not been transported to Washington, DC, *see* Eisenhart Motion at 8; Munchel Motion at 3, the government to submit, by February 9, 2021, a status report informing the Court of the status of defendants' transport to this District and their anticipated arrival date. Signed by Chief Judge Beryl A. Howell on February 5, 2021. (lcbah1) [1:21−mj−00071−ZMF] (Entered: 02/05/2021) |
| 02/09/2021 | 18 | | STATUS REPORT by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART (Baset, Ahmed) [1:21−mj−00071−ZMF] (Entered: 02/09/2021) |
| 02/11/2021 | 20 | | NOTICE OF ATTORNEY APPEARANCE Justin Todd Sher appearing for USA. (zltp) [1:21−mj−00071−ZMF] (Entered: 02/11/2021) |
| 02/12/2021 | 21 | | INDICTMENT as to ERIC GAVELEK MUNCHEL (1) count(s) 1, 2, 3, LISA MARIE EISENHART (2) count(s) 1, 2, 3. (zltp) (Main Document 21 replaced on 2/17/2021) (zltp). (Entered: 02/16/2021) |
| 02/17/2021 | | | MINUTE ORDER. Detention Hearing set for 2/17/2021 at 01:00 PM as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2).<br><br>The hearing will proceed by videoconferencing for the parties and by telephone for members of the public. Pursuant to Standing Order 20−20 (BAH), the Court will provide public access to the hearing. It is hereby ORDERED that the participants using the public access telephone line shall adhere to the rules set forth in Standing Order 20−20 (BAH), available on the Court's website. Toll Free Number: 888−636−3807; Access Code: 6967853.<br><br>Signed by Judge Royce C. Lamberth on 02/16/2021. (lcrcl2) (Entered: 02/17/2021) |
| 02/17/2021 | 23 | | NOTICE OF ATTORNEY APPEARANCE Leslie A. Goemaat appearing for USA. (Goemaat, Leslie) (Entered: 02/17/2021) |
| 02/17/2021 | | | Minute Entry for video Arraignment held before Judge Royce C. Lamberth as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2). Defendants arraigned and enters a Plea of Not Guilty as to Counts 1, 2 and 3 and further waives the formal reading of the Indictment. Oral arguments submitted on detention; forthcoming Order. Status Conference set for 3/10/2021 at 1:00 PM by VTC before Judge Royce C. Lamberth. Bond Status of Defendants: committed. Court Reporter: Lisa Edwards. Defense Attorneys: Sandra Gayle Roland (1) and Gregory Stuart Smith (2); US Attorneys: Ahmed Baset, Justin Sher and Leslie Goematt; Pretrial Officer: Christine Shuck. (zlsj) (Entered: 02/17/2021) |
| 02/17/2021 | 24 | | MEMORANDUM OPINION as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2). Signed by Judge Royce C. Lamberth on 02/17/2021. (lcrcl2) (Entered: 02/17/2021) |
| 02/17/2021 | 26 | | |

| | | | |
|---|---|---|---|
| | | | ORDER OF DETENTION PENDING TRIAL – Defendant Held Without Bond as to LISA MARIE EISENHART (2). Signed by Judge Royce C. Lamberth on 02/17/2021. (lcrcl2) (Entered: 02/17/2021) |
| 02/17/2021 | 27 | | ORDER denying as moot 3 Motion for Review as to ERIC GAVELEK MUNCHEL (1); denying as moot 6 Motion for Review as to LISA MARIE EISENHART (2); granting 14 Motion to join as to ERIC GAVELEK MUNCHEL (1); denying as moot 15 Motion to Revoke Stay as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2); denying as moot 16 Motion for Review as as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2). Signed by Judge Royce C. Lamberth on 02/17/2021. (lcrcl2) (Entered: 02/17/2021) |
| 02/17/2021 | 28 | | ORDER as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2) excluding time from 02/17/2021 to 03/15/2021 under the Speedy Trial Act in the interest of justice. Signed by Judge Royce C. Lamberth on 02/17/2021. (lcrcl2) (Entered: 02/17/2021) |
| 02/18/2021 | 29 | | NOTICE *of Filing* by LISA MARIE EISENHART (Attachments: # 1 Exhibit A)(Smith, Gregory) (Entered: 02/18/2021) |
| 02/18/2021 | 30 | | NOTICE OF APPEAL – Final Judgment by LISA MARIE EISENHART re 27 Order on Motion for Review,, Order on Motion to Stay,,,, Order on Motion to Revoke,,, 24 Memorandum Opinion, 26 Order of Detention Pending Trial– Defendant HWOB. Fee Status: No Fee Paid. Parties have been notified. (Smith, Gregory) (Entered: 02/18/2021) |
| 02/19/2021 | 32 | | TRANSCRIPT OF ARRAIGNMENT AND DETENTION HEARING CONDUCTED VIA ZOOM in case as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART before Judge Royce C. Lamberth held on February 17, 2021; Page Numbers: 1–65. Date of Issuance: February 19, 2021. Court Reporter/Transcriber: Lisa Edwards. Telephone number (202) 354–3269. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcri pt may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/12/2021. Redacted Transcript Deadline set for 3/22/2021. Release of Transcript Restriction set for 5/20/2021.(Edwards, Lisa) (Entered: 02/19/2021) |
| 02/22/2021 | 34 | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. No Fee Paid, Defendant is Represented by Court Appointed Attorney as to LISA MARIE EISENHART re 30 Notice of Appeal – Final |

| | | | |
|---|---|---|---|
| | | | Judgment. (zhsj) (Entered: 02/22/2021) |
| 02/24/2021 | | | USCA Case Number as to LISA MARIE EISENHART 21–3011 for 30 Notice of Appeal – Final Judgment filed by LISA MARIE EISENHART. (zhsj) (Entered: 02/24/2021) |
| 02/26/2021 | | | USCA Case Number as to LISA MARIE EISENHART 21–3011 for 30 Notice of Appeal – Final Judgment, filed by LISA MARIE EISENHART. (zhsj) (Entered: 03/01/2021) |
| 03/02/2021 | 35 | | MOTION to Seal *Notice of Filing and Motion to Seal* by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART (Attachments: # 1 Attachment 1, # 2 Attachment 2)(Baset, Ahmed) Modified event title on 3/9/2021 (znmw). (Entered: 03/02/2021) |
| 03/02/2021 | 36 | | MOTION to Supplement the Record Pursuant to Fed. R. App. P. 10(e)(2)(B) by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART. (Goemaat, Leslie) (Entered: 03/02/2021) |
| 03/03/2021 | 37 | | ORDER as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2) granting 35 Motion to Seal and setting briefing schedule for 36 MOTION to Supplement the Record Pursuant to Fed. R. App. P. 10(e)(2)(B). The defendants shall file any opposition to the motion to supplement the record by 5:00 p.m. on 3/4/21 and the government shall file any reply by noon on 3/5/2021. Signed by Judge Royce C. Lamberth on 03/03/2021. (lcrcl2) (Entered: 03/03/2021) |
| 03/04/2021 | 38 | | NOTICE *of Filing (First Discovery Letter)* by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART (Attachments: # 1 Exhibit Discovery Letter 1)(Goemaat, Leslie) (Entered: 03/04/2021) |
| 03/04/2021 | 39 | | Memorandum in Opposition by ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART re 36 MOTION to Supplement the Record Pursuant to Fed. R. App. P. 10(e)(2)(B) *(Defendants' Joint Response)* (Smith, Gregory) (Entered: 03/04/2021) |
| 03/04/2021 | 40 | | MOTION to Review *Confinement Conditions or for Transfer to a More Suitable Jail Facility* by LISA MARIE EISENHART. (Attachments: # 1 Exhibit A)(Smith, Gregory) (Entered: 03/04/2021) |
| 03/05/2021 | 41 | | REPLY TO OPPOSITION to Motion by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART re 36 MOTION to Supplement the Record Pursuant to Fed. R. App. P. 10(e)(2)(B) (Attachments: # 1 Text of Proposed Order Proposed Order to Supplement Record Pursuant to Fed. R. App. P. 10(e)(2)(B))(Goemaat, Leslie) (Entered: 03/05/2021) |
| 03/05/2021 | 42 | | ORDER as to LISA MARIE EISENHART (2) setting briefing schedule for 40 MOTION to Review Confinement Conditions or for Transfer to a More Suitable Jail Facility filed by LISA MARIE EISENHART. Response due by noon on 3/9/2021; Reply due by noon on 3/10/2021.<br><br>Motion Hearing as to LISA MARIE EISENHART (2) and Status Conference as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2) set for 3/10/2021 at 01:00 PM before Judge Royce C. Lamberth. |

| | | | |
|---|---|---|---|
| | | | The hearing will proceed by videoconferencing for the parties and by telephone for members of the public. Pursuant to Standing Order 20–20 (BAH), the Court will provide public access to the hearing. It is hereby ORDERED that the participants using the public access telephone line shall adhere to the rules set forth in Standing Order 20–20 (BAH), available on the Court's website. Toll Free Number: 888–636–3807; Access Code: 6967853.<br><br>Signed by Judge Royce C. Lamberth on 03/05/2021. (lcrcl2) (Entered: 03/05/2021) |
| 03/05/2021 | 43 | | ORDER granting 36 Motion to Supplement the Record Pursuant to Fed. R. App. P. 10(e)(2)(B) as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2). The Clerk of Court shall transmit the record as supplemented to the Court of Appeals forthwith. Signed by Judge Royce C. Lamberth on 03/05/2021. (lcrcl2) (Entered: 03/05/2021) |
| 03/09/2021 | 45 | | RESPONSE by USA as to LISA MARIE EISENHART re 40 MOTION to Review *Confinement Conditions or for Transfer to a More Suitable Jail Facility* (Goemaat, Leslie) (Entered: 03/09/2021) |
| 03/09/2021 | 46 | | NOTICE *of Filing (Second Informal Discovery Letter)* by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART (Attachments: # 1 Exhibit Informal Discovery Letter Volume 2)(Goemaat, Leslie) (Entered: 03/09/2021) |
| 03/10/2021 | 47 | | REPLY TO OPPOSITION to Motion by LISA MARIE EISENHART re 40 MOTION to Review *Confinement Conditions or for Transfer to a More Suitable Jail Facility* (Smith, Gregory) (Entered: 03/10/2021) |
| 03/10/2021 | | | Minute Entry for video Status and Motion held before Judge Royce C. Lamberth as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2) on 3/10/2021. Oral arguments submitted in Defendant Eisenhart's Motion 40 to Review Confinement Conditions or for Transfer to a More Suitable Jail Facility. Motion taken under advisement; forthcoming Order. Further Status Conference set for 4/13/2021 at 10:00 AM by VTC before Judge Royce C. Lamberth. The Court finds it in the interest to toll the speedy trial clock from 3/10/2021 through 4/13/2021. Bond Status of Defendants: remain committed. Court Reporter: Lisa Moreira; Defense Attorney: Sandra Gayle Roland (1) and Gregory Stuart Smith (2); US Attorney: Leslie A. Goemaat; DC Representatives: DC AAG Philip Medley and Erice Glover. (lsj) (Entered: 03/10/2021) |
| 03/11/2021 | 48 | | MEMORANDUM ORDER denying 40 Motion for Review of Conditions of Confinement as to LISA MARIE EISENHART (2). Signed by Judge Royce C. Lamberth on 03/11/2021. (lcrcl2) (Entered: 03/11/2021) |
| 03/11/2021 | 49 | | ORDER as to ERIC GAVELEK MUNCHEL (1) and LISA MARIE EISENHART (2) excluding time from 3/15/2021 to 4/13/2021 under the Speedy Trial Act in the interest of justice. Signed by Judge Royce C. Lamberth on 03/11/2021. (lcrcl2) (Entered: 03/11/2021) |
| 03/15/2021 | 50 | | NOTICE *of Filing* by LISA MARIE EISENHART re 40 MOTION to Review *Confinement Conditions or for Transfer to a More Suitable Jail Facility* (Attachments: # 1 Appendix)(Smith, Gregory) (Entered: 03/15/2021) |

| 03/17/2021 | 51 | | NOTICE OF WITHDRAWAL OF APPEARANCE by USA as to ERIC GAVELEK MUNCHEL, LISA MARIE EISENHART (Baset, Ahmed) (Entered: 03/17/2021) |
|---|---|---|---|
| 03/25/2021 | 53 | | NOTICE OF APPEAL – Interlocutory by LISA MARIE EISENHART re 48 Order on Motion for Review. Fee Status: No Fee Paid. Parties have been notified. (Smith, Gregory) Modified event title on 3/26/2021 (znmw). (Entered: 03/25/2021) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:21-cr-118 (RCL) |
| | ) |
| LISA MARIE EISENHART | ) |
| | ) |

## DEFENDANT'S NOTICE OF APPEAL

NOW COMES Defendant Lisa Marie Eisenhart, by and through undersigned appointed counsel, and notices her appeal from this Court's Memorandum Order issued March 11, 2021 (ECF No. 48), pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

Dated  March 25, 2021                    Respectfully submitted,

                                           /s/  Gregory S. Smith_____
                                         Gregory S. Smith (D.C. Bar #472802)
                                         Law Offices of Gregory S. Smith
                                         913 East Capitol Street, S.E.
                                         Washington, D.C.  20003
                                         Telephone: (202) 460-3381
                                         Facsimile: (202) 330-5229
                                         Email: gregsmithlaw@verizon.net


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

This 25th day of March, 2021.

                                           /s/  Gregory S. Smith_____
                                         Gregory S. Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LISA MARIE EISENHART,

*Defendant.*

Case No. 1:21-cr-118-2-RCL

## MEMORANDUM ORDER

Before the Court are the defendant's motion [40] for relief from conditions of confinement or transfer to an alternative facility and the District of Columbia's motion[1] to intervene to oppose the defendant's motion.

Last month, the Court ordered the defendant detained pending trial. Detention Order (ECF No. 26). The defendant appealed that order, Notice of Appeal (ECF No. 30), and her appeal is currently pending before the Circuit, *United States v. Eisenhart*, No. 21-3011 (D.C. Cir. appeal docketed Feb. 24, 2021). The Attorney General assigned the defendant to the District of Columbia Jail, where all detainees held in relation to the events of January 6 have been placed in restrictive housing for their own safety and the safety of the jail, *see* Jones Decl. ¶ 2. The defendant now seeks an order of the Court modifying her conditions of confinement. Yesterday, the Court heard oral arguments on the defendant's motion.

The Court must first satisfy itself that it has jurisdiction to entertain the defendant's motion. While the parties agree that the Court is so empowered, the Court disagrees. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it

---

[1] This motion has been filed with the Clerk of Court but has not yet been docketed.

1

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see generally* 16A Wright & Miller, *Federal Practice and Procedure* § 3949.1 (5th ed. Oct. 2020 update). When a party notices an interlocutory appeal, that notice "ordinarily suspends the power of the district court to modify the order subject to appeal[ ] but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its *raison d'etre*." Wright & Miller, *supra* § 3949.1.

Accordingly, the Court must determine whether the defendant's motion to alter the conditions of her detention seeks to alter aspects of her detention order. To ask that question is to answer it. The defendant is in the custody of the District of Columbia Department of Corrections (as designee of the U.S. Marshals) only because the Court ordered her detained and committed her to custody. The order specified conditions of confinement because it directed where defendant would be confined—as it must. Detention Order 4 (remanding the defendant for confinement "separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal"); *see* 18 U.S.C. § 3142(i)(2). The Court's initial order spoke to the conditions of the defendant's confinement. That very order is the subject of the pending appeal. If the Court modified the order, it would present a moving target for the Circuit. The divestiture rule exists to prevent just that. Thus, the Court lacks jurisdiction to entertain the motion.

Next, the Court considers whether Rule 37(a) provides a mechanism to grant some relief to the defendant. The rule permits the Court to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3). The Court can make neither of those statements because the motion fails to raise a cognizable legal claim.

2

The defendant first argues that she has a substantive and procedural due process right to avoid being placed in restrictive housing. But "the Due Process Clause confers upon a prisoner neither a procedural nor substantive due process right to a particular placement or classification." *United States v. Rojas-Yepes*, 630 F. Supp. 2d 18, 21–22 (D.D.C. 2009) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). The Court's decision in *United States v. Medina*, 628 F. Supp. 2d. 52 (D.D.C. 2009), supports that conclusion. In *Medina*, the Court noted that "with regard to the everyday administration of pretrial detention facilities, the Court is merely concerned with whether a 'particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective'; if so, the detention facilities practice does not violate due process and thus should generally not concern the court." *Id.* at 55 (quoting *Bell v. Wolfish*, 441 U.S. 520, 548 (1979)). In *Medina*, the Court held that it could only intervene in jail practice when those practices rose to the level of a cognizable Constitutional violation. *See id.* at 55–56 (recognizing that Court could grant relief for clear violation of Sixth Amendment rights); *cf. id.* at 56–58 (holding that due process claim was not cognizable). Applying that principle, the Court determined that Medina had failed to establish that his assignment to a special management unit was punitive, because he could not demonstrate disparate treatment or irrational classification. *Id.* at 56–57.

Here, the defendant has not established that the Department of Corrections treated her differently from other inmates held for similar offenses.[2] Nor has she established that the Department of Corrections acted irrationally, especially given the "wide ranging deference" the Court must give to jailers' "policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *Bell v. Wolfish*, 441 U.S. 520,

---

[2] The defendant's comparison of her confinement to her son's alone fails to establish different treatment. And the record otherwise indicates that all January 6 detainees have been treated the same way. The defendant argues that she is entitled to an individualized assessment of her placement. To the contrary, she has no such right; the Court will only review detainee placements if they are so arbitrary as to be irrational. *See Medina*, 628 F. Supp. 2d at 55–56.

3

547 (1979). And in this case, the Department of Corrections would prevail even without deference. Its articulated concern for the safety of the defendant and of other detainees clearly provides a rational basis for the defendant's placement. Thus, the Court must conclude that the defendant has not raised a cognizable violation of the Due Process Clause.

The defendant next argues that her placement violates the Equal Protection Clause, either on the basis of sex or on the basis of irrational treatment. But the defendant has not made allegations that would support an equal protection claim. She does not explain how similarly situated male detainees—other than her son—or female detainees have been treated. Nor does the record contain evidence to show discrimination or irrationality. Accordingly, the defendant's equal protection claims fail.

The defendant also argues that her placement violates 18 U.S.C. § 4042(a)(2), which requires the Attorney General to "provide suitable quarters" for detainees. Courts have interpreted this provision to require the Attorney General to "exercise 'ordinary diligence' or reasonable care 'to keep prisoners safe and free from harm.'" *E.g.*, *Smith v. United States*, 207 F. Supp. 2d 209, 214 (S.D.N.Y. 2002) (collecting cases). As the Department of Corrections has represented that it holds the defendant in restrictive housing for her own safety and the safety of others, the Court cannot conclude that the defendant's placement violates 18 U.S.C. § 4042(a)(2).

The defendant also seeks an alternative remedy: transfer to another facility. But as the defendant cannot show a cognizable injury, she is not entitled to any remedy at all.

For these reasons, the Court would not grant the motion if it regained jurisdiction, and it does not believe the motion presents a substantial issue.

4

Upon consideration of the motion, opposition (ECF No. 45), and reply (ECF No. 47), the brief filed by the District of Columbia, and the arguments presented at the motion hearing, the Court **DENIES** the motion for lack of jurisdiction.

Finally, as "[i]ntervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated," *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) (collecting cases), and as the District of Columbia points to no such rights at stake here, the Court **DENIES** the District of Columbia's motion to intervene. It nevertheless considers the brief the District of Columbia filed as though it were an amicus brief.

**IT IS SO ORDERED.**

Date: 3/11/21

Royce C. Lamberth
United States District Judge