**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-118 (RCL) |
| ) | |
| LISA MARIE EISENHART ) | |

**DEFENDANT'S CONSENT MOTION FOR MODIFICATION OF BOND**

NOW COMES Defendant Lisa Marie Eisenhart, by and through undersigned appointed counsel, and with the consent of Ms. Eisenhart's U.S. Pretrial Officer **and the Government**, now files this request to modify her conditions of bond to permit greater access to employments.

This Defendant previously filed a motion to modify her conditions of bond to remove her electronic (location) monitoring and curfew. Although U.S. Pretrial Officer Felicia White had fully supported that request, the Government opposed that motion, and this Court denied it.

This Revised Motion now seeks far more limited relief, supported by the Government. Rather than seeking to remove Ms. Eisenhart from home detention entirely, it simply seeks a process by which Ms. Eisenhart can gain greater access to nursing services work (only).

By way of background, the filing of these criminal charges led Ms. Eisenhart to lose her full-time nursing job at a hospital, and all better-paid hospital nursing work appears unavailable. There are certain home health nursing companies that remain willing to hire her on a contract basis – but those businesses, which need nurses, essentially hire on an "as needed" basis. In other words, they may hire a nurse to tend to a patient who needs help leaving the hospital (once notified that a patient will be discharged), or otherwise want nurses for jobs that need prompt attention, but which often arise with little advance notice.

1

Those types of home nursing jobs typically do not fit within the paradigm of Ms. Eisenhart's current bond conditions.  Ms. Eisenhart's U.S. Pretrial Officer advises undersigned counsel that, because Ms. Eisenhart remains on home detention, her U.S. Pretrial Office requires her to get from Ms. Eisenhart (and others in her shoes) a schedule of their anticipated upcoming work at least a week in advance (typically submitted on Thursdays).  This process, requiring the listing of future jobs this far in advance, generally eliminates most of these contract nursing jobs that Ms. Eisenhart could take, since the need for such services is typically not known by the companies that far in advance.  A request was made for an exception, in which Ms. Eisenhart might be allowed to perform such work on shorter notice to the U.S. Pretrial Office, but she was told that U.S. Pretrial cannot treat her differently than its other supervisees without a new Order.

What the U.S. Pretrial Officer has suggested is that, in order to facilitate such work by Ms. Eisenhart, this Court could issue an order allowing Ms. Eisenhart to be treated as on "curfew only" (rather than "home detention") during times when she is performing employment.  The U.S. Pretrial Officer has indicated she is agreeable to this change.

The Government also is agreeable.  AUSA Leslie Goemaat has indicated that it was never the Government's intention to limit Ms. Eisenhart's ability to work.  She originally suggested that the U.S. Pretrial Office should just amend its internal policies, but upon learning that they do not want to make a special exception for Ms. Eisenhart, she has agreed that this is an acceptable compromise solution.

To be clear, this motion contains a very different and far more limited request that was previously sought in the previous motion opposed by the Government and rejected by this Court.  There, the request was that Ms. Eisenhart be removed from home detention entirely.  This request would not eliminate that.  Ms. Eisenhart would remain on home detention generally, with

only a limited exception added (i.e., she would essentially be placed on a work curfew only while doing nursing jobs).  This would relieve the U.S. Pretrial Officer of her office's current internal "home detention" obligation which apparently requires her to be able to confirm in advance where Ms. Eisenhart will be at all times.  Moreover, Ms. Eisenhart will remain on GPS monitoring, which will mean that her whereabouts during these work times will nevertheless remain fully traceable at all times, even while working at these home health nursing jobs.  This limited exception is a reasonable compromise which should allow Ms. Eisenhart to work, in a profession that also needs more employees with her skilled nursing services, while also retaining all other current restrictions on her when she is not simply working and earning money.

      Accordingly, and with the consent of both the U.S. Pretrial Office and counsel for the Government, Ms. Eisenhart now moves to modify the conditions of her bond in the limited manner noted above.

Dated:  December 9, 2021                    Respectfully submitted,

                                                                   /s/  Gregory S. Smith
                                          Gregory S. Smith (D.C. Bar #472802)
                                          Law Offices of Gregory S. Smith
                                          913 East Capitol Street, S.E.
                                          Washington, D.C.  20003
                                          Telephone: (202) 460-3381
                                          Email: gregsmithlaw@verizon.net

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

      This 9th day of December, 2021.

                                                  /s/  Gregory S. Smith
                                          Gregory S. Smith