**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>LISA MARIE EISENHART )<br>) | Case No. 1:21-cr-118 (RCL) |

**DEFENDANT'S CONSENT MOTION FOR MODIFICATION OF BOND**

NOW COMES Defendant Lisa Marie Eisenhart, by and through undersigned appointed counsel, and with the consent of Ms. Eisenhart's U.S. Pretrial Officer **and the Government**, now files this request to modify her conditions of bond to permit greater access to employments.

This Defendant previously filed a motion to modify her conditions of bond to remove her electronic (location) monitoring. Although U.S. Pretrial Officer Felicia White had fully supported that request, the Government opposed that motion, and this Court denied it.

This Revised Motion now seeks far more limited relief, supported by the Government. Rather than seeking to remove Ms. Eisenhart's electronic monitoring requirement, it seeks a revised supervision process under which she can gain greater access to nursing services work.

By way of background, the filing of these criminal charges led Ms. Eisenhart to lose her full-time nursing job at a hospital; since then, that job and other better-paid hospital nursing work have become unavailable. There are certain home health nursing companies that remain willing to hire her on a contract basis – but those businesses, which badly need nurses, essentially hire on an "as needed" basis. In other words, they may hire a nurse to tend to a patient who needs help leaving the hospital (once notified that a patient will be discharged), or otherwise seek to hire nurses for jobs that need prompt attention, but which often arise with little advance notice.

1

Those types of home nursing jobs typically do not fit within the paradigm of Ms. Eisenhart's current bond conditions. Her U.S. Pretrial Officer has advised undersigned counsel that, because Ms. Eisenhart remains on home detention, the Atlanta U.S. Pretrial Office requires her assigned officer to get from Ms. Eisenhart (and others similarly situated) a schedule of anticipated upcoming work at least a week in advance (typically submitted on Thursdays). This process, requiring a listing of future jobs so far in advance, generally eliminates many if not most of the contract nursing jobs Ms. Eisenhart could take, since the need for such services is typically not known by the hiring companies that far in advance. An internal request was made for an accommodation within the terms of her existing bond conditions, in which Ms. Eisenhart might be allowed to perform such work on shorter notice to the U.S. Pretrial Office, but she was told that U.S. Pretrial cannot treat her differently than its other supervisees without a new Order.

Ms. Eisenhart's U.S. Pretrial Officer has suggested is that, in order to facilitate such work by Ms. Eisenhart, this Court could issue a new order allowing Ms. Eisenhart to be treated as being on "curfew" (rather than "home detention") under a schedule to be determined by that office. The U.S. Pretrial Officer has indicated she is agreeable to this change.

The Government now is also agreeable. The U.S. Attorney's Office, through previous AUSA Lisa Goemaat, has indicated that it was never the Government's intention to limit Ms. Eisenhart's ability to work. AUSA Goemaat originally suggested that the U.S. Pretrial Office should just amend its internal policies, but upon learning that they do not want to make a special exception for Ms. Eisenhart, further discussions ensued. While AUSA Goemaat has since withdrawn from this case, her successor AUSA Karen Rochlin has explored the matter further with Ms. Eisenhart's U.S. Pretrial Officer in Atlanta. She now agrees to a modification in which

Ms. Eisenhart's home detention would be modified to a curfew on a schedule to be determined by U.S. Pretrial Services, with all other conditions of Ms. Eisenhart's bond remaining the same.

This motion represents a more limited request than what was sought in a previous motion opposed by the Government and rejected by this Court. Allowing Ms. Eisenhart to be supervised under a curfew under a schedule to be determined by U.S. Pretrial Services would relieve this U.S. Pretrial Officer of her office's current internal "home detention" obligation that requires her to be able to confirm so far in advance where Ms. Eisenhart will be at all times. Moreover, even while under this new curfew, Ms. Eisenhart would remain on GPS monitoring, which means that her whereabouts will always remain fully traceable at all times, even while she would be working at these new home health nursing jobs. This more limited proposal is submitted as a reasonable compromise which should allow Ms. Eisenhart to work, in a profession that also badly needs more employees with her skilled nursing services, while also retaining all other current restrictions on Ms. Eisenhart except as set forth herein.

Accordingly, and with the consent of both the U.S. Pretrial Office and counsel for the Government, Ms. Eisenhart now moves to modify the conditions of her bond to change her condition of home detention to a curfew on a schedule as determined by U.S. Pretrial Services.

Dated:  May 19, 2022                             Respectfully submitted,

                                                   ___/s/_ Gregory S. Smith_____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

This 19th day of May, 2022.

                                          /s/ Gregory S. Smith
                                          Gregory S. Smith