UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-118 (RCL) |
| ) | |
| LISA MARIE EISENHART ) | |

DEFENDANT'S MOTION FOR ADVANCE NOTICE AND EXCLUSION
OF ALL CO-CONSPIRATOR STATEMENTS AND HEARSAY

NOW COMES Defendant LISA MARIE EISENHART, by and through undersigned counsel, and respectfully moves this Court for an order requiring advance notice of the Government's intent to seek admission of any out-of-court statements purportedly made by any co-conspirators which directly or indirectly referred to Ms. Eisenhart, or which otherwise may be used to incriminate her, and for the preclusion of any such statements at trial. While this motion is not limited to unindicted co-conspirators, the need for pretrial disclosure is particularly needed in that context, without limitations as to scope, since the Defendant has not yet been told the names of all persons the Government considers unindicted co-conspirators, much less what their out-of-court statements might be. In support of this motion, Defendant submits the following:

Undersigned counsel anticipates that the Government may attempt to offer into evidence at trial, under Fed. R. Evid. 801(d)(2)(E), out-of-court statements made by alleged co-conspirators, including unindicted co-conspirators. Undersigned counsel further anticipates that some or all of those out-of-court statements may either refer to Defendant Eisenhart, directly or indirectly, or otherwise may be used to try to incriminate Defendant Eisenhart at trial.

1

Pursuant to Fed. R. Evid. 801(d)(2)(E), statements that would otherwise be hearsay may be admissible, but only if made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." For a declaration by a co-conspirator to be admissible under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of that conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. *See* United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir. 1992).

In the instant case, any out-of-court statements by co-conspirators that the Government seeks to admit at trial should be carefully reviewed by the Court *before* their admission, and should be admitted only if the Government satisfies the burdens set forth above. In order to minimize the prejudicial impact of such statements, the Court should make a determination as to their admissibility before these statements are presented to the jury. Defendant recognizes that many courts have adopted a common practice of admitting co-conspirator declarations conditionally, subject to connection. If this Court follows that practice, however, and the Government then fails to satisfy its burden or fails to make the requisite connection, the jury will have heard the damaging statements. Even if this Court were to give a curative instruction, the jury will have difficulty not considering the statements in their deliberations. Moreover, this Defendnat has a right to impeach all declarants, even if they are not physically testifying in Court. Delays in disclosure – particularly with respect to the names of all unindicted cocponspirators whose out-of-court statemetns may be used – may thus prevent adequate investigation that would allow for effective impeachment of those individuals. A need for a mid-trial continuance, or even mistrial or reversal, may result, and would needlessly waste the Court's resources. Defendant submits that it would be far more efficient to require the

Government to meet this burden pre-trial, or at least in advance of the admission of such testimony. At the very least, the Government should be requried to name all of its unindicted co-conspirators whose out-of-court statements may be used, so defense investigations can proceed.

WHEREFORE, Defendant requests that this Court require the Government to provide advance notice of all co-conspirator statements that it may seek to introduce under Fed. R. Evid. 801(d)(2)(E), and/or the names of all such declarants.[1] Furthermore, Defendant requests that this Court evaluate and determine the admissibility of such out-of-court statements before the statements are actually presented to the jury, and that any out-of-court statements by co-conspirators be deemed inadmissible at trial in this case unless the Government has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statements.

WHEREFORE, Defendant prays that this motion be granted.

Respectfully submitted,

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381
*Counsel for Defendant Lisa Marie Eisenhart*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion is being served upon counsel for the United States via the Electronic Case Filing system.

This 6th day of March, 2023.

_____/s/_____
Gregory S. Smith

---

[1] To the extent that the Government intends to seek admission of any evidence under the residual hearsay exception, it should also similarly be required to provide that notice, as required under Fed. R. Evid. 807, "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it," and the particulars of the statement, including the declarant's name and contact information.