UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| v. | ) Case No. 1:21-cr-118-02 (RCL) ) |
| LISA MARIE EISENHART | ) ) ) |

**MOTION TO DISMISS COUNTS OF THE SECOND SUPERSEDING INDICTMENT BASED ON MULTIPLICTY AND OTHER GROUNDS**

NOW COMES Defendant LISA EISENHART, by and through undersigned counsel, and moves to dismiss certain counts of the Second Superseding Indictment filed against her, as set forth below.  Some or all of these charges must properly be dismissed or merged as multiplicitous or under the rule of lenity.

**BACKGROUND**

The Second Superseding Indictment filed against Ms. Eisenhart contains ten separate counts, even though all of those charges appear to arise from a single continuous series of events that occurred within a span of less than 20 minutes, on January 6, 2021.  Ms. Eisenhart is charged in Counts One, Two, Four, Six, and Eight-Ten.  Certain of these counts plainly overlap, and allege separate offenses arising from alleged violations of the *same statute*.  Counts One and Two, for example, each allege a violation of 18 U.S.C. § 1512.  Counts Four and Six each allege a violation of 18 U.S.C. § 1752.  And Counts Eight-Ten each allege a violation of 40 U.S.C. § 5014.

Perhaps more importantly for the purposes of this motion, within the latter two categories, there is a clear and fatal overlap that exists among the charges themselves, since the second grouping involves offenses arising generally "in a Restricted Building or Grounds," while

1

the third grouping involves offenses arising in a specific subset of those restricted buildings or grounds – the U.S. Capitol Building.  *Compare* Count Four ("Entering and Remaining in a Restricted Building") *with* Count Eight ("Entering and Remaining in the Gallery of Congress"). *Compare* Count Six ("Disorderly and Disruptive Conduct in a Restricted Building or Grounds") *with* Count Nine ("Disorderly Conduct in a Capitol Building").  It is Ms. Eisenhart's contention that these overlapping counts cannot all properly be pursued in this case.

Stated simply, the Government has wrongly stacked criminal charges against Ms. Eisenhart and her co-defendant, in an inappropriate attempt to charge them with as many crimes as possible, thus potentially increasing Ms. Eisenhart's potential prison exposure.  This Court should not abide that effort, but instead should either dismiss the excessive counts or require that the Government elect which of its overlapping, multiplicitous charges it will plan to take to trial.

The Government did not need to bring all these overlapping charges in order to secure more-than-ample authority to recommend a suitable sentence.  These federal charges carry ample prison exposure without any need for multiplicitous counts.  Counts One and Two, for example, *each* carry a sentence of up to 20 years in prison – which *alone* is two times longer than the highest sentence that any January 6 defendant has received thus far.[1]  Moreover, as noted, many of these specific charges also simply violate the rules against multiplicity.  This Court must now review all of these charges, and for the reasons set forth below, should cull them as appropriate.

## ARGUMENT AND CITATIONS OF AUTHORITIES

### A. General Overview of Multiplicity

An indictment charging the same offense in more than one count can be "multiplicitous" and thereby defective.  *See* United States v. Harris, 959 F.2d 246, 250 (D.C. Cir.), *cert. denied*,

---

[1] Earlier versions of this Indictment had charged only a single count under 18 U.S.C. § 1512.

506 U.S. 932 (1992); United States v. Swaim, 757 F.2d 1530, 1536 (5th Cir.), *cert. denied*, 474 U.S. 825 (1985).  Multiplicity is a valid, recognized objection to an indictment, emanating from the Fifth Amendment Double Jeopardy Clause's prohibition on multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717 (1969), United States v. Morris, 247 F.3d 1080, 1083-84 (10th Cir. 2001) (multiplicitous sentences violate Double Jeopardy Clause).  *See also* 1 A. Wright, Federal Practice and Procedure, Criminal § 145, at 87 (1999) ("principal danger in multiplicity is that defendant will be given multiple sentences for the same offense").

Beyond these risks of multiple punishment, moreover, is another recognized vice of multiplicity: the reality that multiple charges can also "improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." United States v. Reed, 639 F.2d 896, 904 (2d Cir. 1981); *see* United States v. Lopez, 585 F. Supp. 1391, 1392 (D.P.R. 1984).  Because of this concern, if a defendant raises a timely multiplicity objection under Fed. R. Crim. P. 12(b)(2),[2] the proper remedy is for this Court to require the Government to elect between its charges, since multiplicious counts afford the Government an unfair advantage by increasing the likelihood that the jury will convict on at least one count, if only as the result of a compromise verdict.  *See, e.g.,* United States v. Bradsby, 628 F.2d 901, 905 (5th Cir. 1980); United States v. Martorana, 629 F. Supp. 509, 511 (D. Me. 1986); Lopez, 585 F. Supp. at 1392-93.  *See also* 1 Wright, Federal Practice and Procedure, Criminal § 142, at 17 (noting prejudicial "psychological effect upon jury by suggesting to it that defendant committed not one but several crimes").

Because the multiplicitous charges in this Indictment will likely impose on Ms. Eisenhart additional punishments if she is convicted of those counts,[3] and also prejudice her at trial, Ms.

---

[2] In *Harris*, the D.C. Circuit held that a multiplicity objection is waived if not raised pretrial.  959 F.2d at 250-51.

[3] It is not an answer to this concern to claim Ms. Eisenhart may receive concurrent sentences on these counts, or to suggest that the sentences would later merge.  Every additional charge likely carries with it at least some form of

Eisenhart is entitled to either their dismissal or an Order forcing an election of counts by the Government. This issue is a pure question of law, so any refusal to declare counts multiplicitous will be subject to *de novo* review. *See* Spain v. United States, 665 A.2d 658. 661 n.5 (D.C. 1995).

### B. General Application of Multiplicity and the Rule of Lenity

Under the law, it is sometimes permissible – but other times not permissible – for the same conduct to give rise to multiple charges. When the same conduct is said to violate *separate* statutory provisions, "the central question is what punishment the legislature intended to authorize for the relevant offenses, and if Congress intended to impose multiple punishments, imposition of such sentences does not run afoul of the Double Jeopardy Clause." Wilson v. United States, 528 A.2d 876, 879 (D.C. 1987). *See also* Mooney v. United States, 938 A.2d 710, 723 (D.C. 2007) ("the touchstone of double jeopardy analysis in determining what is the 'same offense' is legislative intent"); Thomas v. United States, 602 A.2d 647, 648 (D.C. 1992) ("the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed.").

In this context, the test to apply for multiplicity is the same as in other Double Jeopardy contexts; *i.e.,* the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). *See also* Harris, 959 F.2d at 251 n.3 (citing Blockburger). Under this Blockburger test, offenses arising from the same events will merge "unless each contains at least one element which the

---

additional punishment, such as special assessments, so no such merger would be complete. Even if it were, each conviction carries collateral consequences, leading courts to say that concurrent sentences do not negate multiplicity. *See* Ball v. United States, 470 U.S. 856, 864 (1985) (since a separate conviction, even with a concurrent sentence, could have collateral consequences, imposition of concurrent sentences "cannot be squared with Congress' intention"); Doepel v. United States, 434 A.2d 449, 459 (D.C. 1981) ("even a concurrent sentence is an element of punishment because of potential collateral consequences"); Wilson v. United States, 528 A.2d 876, 879 n.7 (D.C. 1987) (same); Robinson v. United States, 501 A.2d 1273, 1274 n.2 (D.C. 1985) (same). Finally, the potential of jury prejudice from existing multiplicitous counts obviously is not mitigated by later sentencing decisions. Accordingly, every repetitive count in this context raises multiplicity concerns, and this is not a legal issue the Government can avoid by simply agreeing in advance that it will seek only concurrent sentences on its overlapping counts.

4

other does not." Wilson v. United States, 528 A.2d 876, 879 (D.C. 1987) (citing Blockburger). Where a defendant is charged with multiple counts under the *same* statutory provision, by contrast, this Blockburger test is inapplicable.  See Briscoe v. United States, 528 A.2d 1243, 1245 (D.C. 1987) (Blockburger is inapplicable to merger of two violations of same statute).

Moreover, even when it is not clear that a certain charged offense is multiplicitous, a separate ground exists for dismissal or a required election of counts:  the Rule of Lenity.  As noted below, because multiplicity implicates the Double Jeopardy Clause, this Court should engage in constitutional avoidance by resolving ambiguities in this context in the defendant's favor, by dismissing or requiring an election of counts under the Rule of Lenity.

**C.  Specific Application of Multiplicity and Lenity to the Charges in this Case**

With respect to the referenced counts against Ms. Eisenhart, several properly merge into others, requiring either their dismissal or an election by the Government of which of these overlapping counts it will choose to pursue at Ms. Eisenhart's upcoming trial.

At a minimum, Count Four (Entering and Remaining in a Restricted Building or Grounds) must be deemed merged with Count Eight (Entering and Remaining in the Gallery of Congress), and Count Six (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) must be deemed merged with Count Nine (Disorderly Conduct in a Capitol Building).

Even applying the very strict Blockbuster "elements" test, it is far from apparent how these offenses have different elements.  Any violation of Counts Eight and Nine would seem, *ipso facto*, to automatically also yield a violation of Counts Four and Six, since the Gallery of Congress and the U.S. Capitol Building both necessarily also represent "restricted buildings or grounds," as defined in 18 U.S.C. § 1752.  There is no new or separate Blockburger element in 18 U.S.C. § 1752 that requires *anything more* than is shown for the 40 U.S.C. § 5014 violations.

5

Put another way, it is impossible to commit a 40 U.S.C. § 5104(e)(2)(B) violation without first having committed a violation of 18 U.S.C. § 1752(a)(1) violation, and it is impossible to commit a 40 U.S.C. § 5014(e)(2)(D) violation without first having committed a violation of 18 U.S.C. § 1752(a)(2) violation.

In other analogous charging situations, such as when indictments have charged both assault with a deadly weapon and armed robbery, mergers have regularly been ordered because one cannot commit the latter offense without committing the former.  *See, e.g., Kaliku v. United States*, 994 A.2d 765, 787-88 (D.C. 2010) (remanded with instructions to vacate ADW convictions); *Walker v. United States*, 982 A.2d 723, 742 (D.C. 2009) (two ADW convictions merge into armed robbery counts; other two ADW charges merge into armed kidnapping charges); *Sanders v. United States*, 809 A.2d 584 603 (D.C. 2002) ("the separate counts of ADW merge with the separate armed robbery convictions"); *Evans v. United States*, 392 A.2d 1015, 1018 n.2 (D.C. 1978) (remanding case with instructions to vacate ADW conviction since it merges with armed robbery); *Leftwich v. United States*, 460 A.2d 993, 997 (D.C. 1983) ("In the District of Columbia, assault with a dangerous weapon is a lesser-included offense of robbery while armed and the two offenses merge"); *Harling v. United States*, 460 A.2d 571, 574 (D.C. 1983); *Woody v. United States*, 369 A.2d 592, 595 (D.C. 1977); *Bell v. United States*, 332 A.2d 351, 355 (D.C. 1975); *Quick v. United States*, 316 A.2d 875, 876 (D.C. 1974); *Smith v. United States*, 312 A.2d 781, 786 (D.C. 1973) (ADW conviction vacated as merged with armed robbery count); *Skinner v. United States*, 310 A.2d 231, 233 (D.C. 1973).  Case law on this point comes not only from the D.C. Court of Appeals, but also from the D.C. Circuit, in precedent that binds this Court.  *E.g, United States v. Toy*, 482 F.2d 741, 743-44 (D.C. Cir. 1973) (convictions for ADW set aside, "since those charges merged" with armed robbery convictions).

It is also worth noting here that Fed. R. Crim. P. 7(c)(1) permits the Government to "allege in a single count that the … defendant committed [an offense] by one or more specified means." As the related federal Advisory Committee Note explains, this provision was "intended <u>*to eliminate the use of multiple counts*</u> for the purpose of alleging the commission of the offense by different means or in different ways." 4 F.R.D. 405, 412 (1945) (emphasis added). *See* <u>United States v. Allied Chemical Corp.</u>, 420 F. Supp. 122, 123-24 (E.D. Va. 1976). This codified rule is a part of what ensures that federal trials will be conducted fairly, by reducing piling-on prejudice. Because the Government's charging of these separate offenses here really boils down to charging that offense (entering and remaining, and disorderly/disruptive conduct) as having been committed through one separately-described location that encompasses the other ("restricted building or grounds," which includes the "Gallery of Congress" and "Capitol Building"), merger is required. The Federal Rules of Criminal Procedure thus provide an appropriate, *independent* procedural basis for merging these counts, beyond substantive case law.

With respect to the three separate categories of offenses, moreover, overlap exists. While there is admittedly a *Blockburger* distinction between the two § 1512 offenses of conspiracy to obstruct and substantive obstruction (even with an aiding and abetting overlay), the latter two categories are not so clear. Looking at Counts Four and Six, how does one possibly commit "Disorderly [or] Disruptive Conduct in a Restricted Building" without also "Entering [or] Remaining" in it?[4] Both of these 18 U.S.C. § 1752 offenses should merge. Similarly, looking at Counts Eight-Ten's 40 U.S.C. § 5014 charges, it is not intuitive how someone who commits disorderly conduct in the Capitol Building would not have also committed the offense of entering or remaining there, or how illegal parading, demonstrating or picketing would not be disorderly.

---

[4] Under the recognized "conjunctive-disjunctive" rule, a prosecutor may charge the offense in the conjunctive but then prove the offense in the disjunctive.

For the reasons noted above, an order merging certain of these counts is warranted. The two 18 U.S.C. § 1752 counts should properly be merged with each other, as should all three of the 40 U.S.C. § 5104(e)(2) counts. Even if this Court disagrees, at a minimum, Count Four should be merged with Count Eight, and Count Six should be merged with Count Nine, to prevent the potential of multiple punishments, as well as unfair prejudice to Ms. Eisenhart at trial; such mergers are also warranted under Fed. R. Crim. P. 7(c)(1) and the Rule of Lenity.

## CONCLUSION

Because Ms. Eisenhart is being charged here in multiple counts, and will face multiple punishments, for the same alleged criminal transaction, and even multiple times under the same statutes, dismissal of at least some counts in the Superseding Indictment is warranted. In the alternative, this Court should order the Government to elect between any and all multiplicitous counts before allowing those overlapping charges to be presented to a jury for adjudication.

WHEREFORE, Defendant prays that this motion should be granted.

Respectfully submitted,
_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381
*Counsel for Defendant Lisa Eisenhart*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

This 6th day of March, 2023.

\_\_\_/s/ Gregory S. Smith_____
Gregory S. Smith