UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 21-CR-00118-RCL-1 |
| | ) |
| ERIC GAVELEK MUNCHEL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE OF THE GOVERNMENT'S WITNESS LIST**

**COMES NOW** Defendant, Eric G. Munchel, by and through undersigned counsel, and respectfully prays this Court make and enter its Order directing the Government to produce a pretrial witness list in this case and in support thereof states as follows:

**Argument**

Mr. Munchel acknowledges that, in a non-capital case such as this one, he is not automatically entitled to such a witness list. *United States v. Bolden*, 514 F. 2d 1301, 1312 (D.C. Cir. 1975). Nevertheless, district courts retain discretion to order the Government to produce a witness list in appropriate cases. *United States v. Madeoy*, 652 F.2d 371, 375 (D.D.C. 1987). See also *United States v. White*, 116 F.3d 903, 918 (D.C. Cir. 1997) (citing *Madeoy* with approval). *Accord United States v. Esquivel*, 755 F. Supp. 434, 437 (D.D.C. 1990) ("As for the witness list, whether the government must provide one is a matter falling within the Court's sound discretion."). As noted in *Madeoy*, the issue of whether a defendant has shown a sufficiently compelling need for pretrial disclosure of the Government's witness list depends on a variety of factors:

> Preparation for trial, effective cross-examination, expediency of trial, possible intimidation of witnesses, and the intrinsic reasonableness of the request are among the factors a court may consider in deciding whether to exercise its discretion to allow discovery of the witness list.

652 F.2d at 375. In this context, "[m]ere conclusory statements that the list is necessary for preparation of trial is not sufficient. On the other hand, where requests for discovery of the government's witness list have been denied outright, it has usually been done on the basis of prior witness intimidation." Id. at 376.

In the instant case, there is no reason whatsoever to believe that any serious risk of witness intimidation exists. Mr. Munchel has now been released on bond for an extended period of time, with no examples of negative witness interactions arising. While this lack of any witness intimidation risk, as the *Madeoy* court suggests, by itself may be sufficient to prevent an outright denial of Mr. Munchel's request for a witness list, it is also worth noting that the other *Madeoy* factors favor such disclosure. A witness list undoubtedly will assist in the defense preparation for trial and effective cross-examination. This is especially true given the unusual exigencies of this case. While in an ordinary criminal case, this Court might expect a prompt and diligent investigatory response from defense counsel if it is faced with unexpected witnesses in the rough-and-tumble of a trial, any nimble reaction by the defense in this case could prove impossible, since some facts and witnesses may come from literally halfway around the world, in time zones that are opposite to ours; advance notice of the Government's witnesses is therefore crucial. Disclosure of a witness list will also promote trial expediency. If this request is denied, certain Government's witnesses may come as complete surprises to the defense at trial, thereby creating potential due process issues and a possible need for mid-trial continuances. This motion, designed to prevent trial by ambush, is an intrinsically reasonable one. Accordingly, this motion

for a pretrial disclosure of a Government witness list should be granted by this Court in the exercise of its discretion.

Case law reveals a variety of examples of witness lists being disclosed pretrial in criminal cases. See, e.g., *United States v. Morrow*, 2005 U.S. Dist. LEXIS 8328, at *16 (D.D.C. 2005) (noting that Government provided witness list); *United States v. Marquez*, 2001 U.S. Dist. LEXIS 26355, at *57 n.9 (D.D.C. 2001) (Court noted how it had ordered government "to deliver to defense counsel ten days before opening statements a list of witnesses"); *United States v. Schaeffer*, 83 F. Supp. 2d 52, 57 (D.D.C. 1999) ("the witness lists were filed … four days before the trial began"); *United States v. Poindexter*, 727 F.2d 1470, 1483 (D.D.C. 1989) (noting how government had previously produced a list of its witnesses and "[t]he government has agreed to provide an updated witness list and the Court requires it to do so within 30 days"). Cf. *Esqivel*, supra (denying to order a formal witness list, but reminding the Government of "its promise to invite its witnesses in good faith to speak with defendant's counsel prior to trial"). To promote a fair trial and prevent prejudicial surprise, disclosure of a Government witness list pretrial similarly should be ordered by this Court in the instant case.

**WHEREFORE** Defendant respectfully prays this Court make and enter its Order granting Defendant's motion as prayed, and for such other and further relief as this Court shall deem just and proper on the premise.

Respectfully submitted,

*Gall*

_____

Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion for Pre-Trial Release of the Government's Witness List by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen