UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Case No. 21-CR-00118-RCL-1 |
| ) | |
| ERIC GAVELEK MUNCHEL,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**DEFENDANT'S MOTION FOR ADVANCE NOTICE AND EXCLUSION OF ALL CO-CONSPIRATOR STATEMENTS AND HEARSAY**

**COMES NOW** Defendant Eric G. Munchel, by and through undersigned counsel, and respectfully prays this Court for an order requiring notice in advance of the Government's intent to seek admission of any out-of-court statements purportedly made by any co-conspirators which directly or indirectly referred to Mr. Munchel, or which otherwise may be used to incriminate him, and for the preclusion of any such statements at trial. While this motion is not limited to unindicted co-conspirators, the need for pretrial disclosure is particularly needed in that context, without limitations as to scope, since the Defendant has not yet been told the names of all persons the Government considers unindicted co-conspirators, much less what their out-of-court statements might be. In support thereof Mr. Munchel states as follows:

**Argument**

Mr. Munchel anticipates that the Government may attempt to offer into evidence at trial, under Fed. R. Evid. 801(d)(2)(E), out-of-court statements made by alleged co-conspirators, including unindicted co-conspirators. Undersigned counsel further anticipates that some or all of

those out-of-court statements may either refer to himself, directly or indirectly, or otherwise may be used to try to incriminate him.

Pursuant to Fed. R. Evid. 801(d)(2)(E), statements that would otherwise be hearsay may be admissible, but only if made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." For a declaration by a co-conspirator to be admissible under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of that conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. See United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir. 1992).

In the instant case, any out-of-court statements by co-conspirators that the Government seeks to admit at trial should be carefully reviewed by the Court before their admission and should be admitted only if the Government satisfies the burdens set forth above. In order to minimize the prejudicial impact of such statements, the Court should make a determination as to their admissibility before these statements are presented to the jury. Defendant recognizes that many courts have adopted a common practice of admitting co-conspirator declarations conditionally, subject to connection. If this Court follows that practice, however, and the Government then fails to satisfy its burden or fails to make the requisite connection, the jury will have heard the damaging statements. Even if this Court were to give a curative instruction, the jury will have difficulty not considering the statements in their deliberations. Moreover, Mr. Munchel has a right to impeach all declarants, even if they are not physically testifying in Court. Delays in disclosure – particularly with respect to the names of all unindicted coconspirators whose out-of-court statements may be used – may thus prevent adequate investigation that would allow for effective impeachment of those individuals. A need for a mid-trial continuance, or even

mistrial or reversal, may result, and would needlessly waste the Court's resources. Mr. Munchel submits that it would be far more efficient to require the Government to meet this burden pre-trial, or at least in advance of the admission of such testimony. At the very least, the Government should be required to name all of its unindicted co-conspirators whose out-of-court statements may be used, so defense investigations can proceed.

**WHEREFORE**, Defendant prays this Court require the Government to provide advance notice of all co-conspirator statements that it may seek to introduce under Fed. R. Evid. 801(d)(2)(E), and/or the names of all such declarants[1]; that this Court evaluate and determine the admissibility of such out-of-court statements before the statements are actually presented to the jury; that any out-of-court statements by co-conspirators be deemed inadmissible at trial in this case unless the Government has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statements; and for such other and further relief as this Court may deem just and proper on the premise.

Respectfully submitted,

*/s/ Joseph W. Allen*

Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone: 417/334-6818
Facsimile: 417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

---

[1] To the extent that the Government intends to seek admission of any evidence under the residual hearsay exception, it should also similarly be required to provide that notice, as required under Fed. R. Evid. 807, "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it," and the particulars of the statement, including the declarant's name and contact information.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion for Advance Notice and Exclusion of all Co-conspirators Statements and Hearsay by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen