UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-CR-00118-RCL-1 |
| ) | |
| ERIC GAVELEK MUNCHEL, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO SUPPRESS AND FOR EVIDENTIARY HEARING

**COMES NOW** Defendant Eric G. Munchel, by and through undersigned counsel, and respectfully prays this Court to schedule a formal evidentiary hearing on the question of the voluntariness of any statement Mr. Munchel may have made to any government official or agent thereof, or any other person, before allowing the introduction of any such statements at trial. An evidentiary hearing is necessary so that the circumstances of any such statements, and the agency of any recipient of such statements, can be fully evaluated and adjudicated in advance of trial, and to avoid the prejudicial introduction of statements that are involuntary, obtained in contravention of *Miranda v. Arizona*, 384 U.S. 436 (1966), or in violation of 18 U.S.C. § 3501.

When the voluntariness of a statement is brought into question, due process requires that the trial judge determine the voluntariness of the confession outside the presence of the jury. See *Jackson v. Denno*, 378 U.S. 368 (1964). Title 18, U.S.C. § 3501(b) sets forth some of the factors a trial judge should consider in determining voluntariness:

> (b) the trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was

>advised or knew that he was not required to may any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession."

In determining whether there has been a voluntary and intelligent waiver of a known right, the court must consider the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused. *United States v. Rodriguez-Gastelum*, 569 F.2d 482, 488 (9th Cir.), cert. denied, 436 U.S. 919 (1978); *David v. North Carolina*, 384 U.S. 737 (1966).

The government bears the burden of proof, by a preponderance of the evidence, that an inculpatory statement was voluntary made. *Lego v. Twomey*, 404 U.S. 477 (1972). To be admissible against a defendant, the statement must have been the product of a rational intellect and free will, *Townsend v. Sain*, 372 U.S. 293, 307-08 (1963); Beecher v. Alabama, 389 U.S. 35, 38 (1967) (per curium), and cannot have been obtained by any direct or implied promises, however slight, or by exertion of any improper influence. *Hutto v. Ross*, 429 U.S. 28, 30 (1967); *Bram v. United States*, 168 U.S. 532, 542-43 (1897). See also *Kastigar v. United States*, 406 U.S. 441 (1972); cf. *United States v. Hubbell*, 530 U.S. 27 (2000). When it is alleged that fundamental rights have been waived, the Supreme Court has also suggested that courts should use a strict standard and "indulge in every reasonable presumption against waiver . . ." *Brewer v. William*, 430 U.S. 387, 404 (1977).

To assist in this inquiry, the Government should also be required to provide any related discovery, which is Rule 16's first and perhaps most basic requirement, codified in Fed. R. Crim. P. 16(a)(1)(A) & (B), if not already produced, prior to any hearing, together with notice of the

Government's intention to introduce or use such statements, so that the defense may adequately investigate this matter, and an evidentiary hearing can be scheduled and held in advance of trial.

**WHEREFORE**, Defendant prays this Court make and enter its Order scheduling a pretrial hearing to determine the admissibility of any statements made by him that the Government intends to introduce at trial, and to ensure that all illegally obtained statements will be suppressed, and for such other and further relief as this Court shall deem just and proper on the premise.

Respectfully submitted,

*/s/ Gall*

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion to Adopt Co-Defendant's Motions by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen