**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-118 (RCL) |
| ) | |
| LISA MARIE EISENHART ) | |

## DEFENDANT'S CONSENT MOTION FOR MODIFICATION OF BOND

NOW COMES Defendant Lisa Marie Eisenhart, by and through undersigned appointed counsel, and with the consent of the Government, files this request to modify her conditions of bond to permit her to communicate with co-defendant Eric Munchel via phone, and also to have in-person visits with Mr. Munchel if travel is authorized by a supervising United States Pretrial Services Officer, without any need to obtain in advance a Court Order that would modify her bond conditions to authorize each such communication or physical contact in advance.

As this Court is aware, Ms. Eisenhart and Mr. Munchel are mother and son. Ms. Eisenhart resides in Georgia, while Mr. Munchel resides in Tennessee. Under special conditions included in their original bond documents in 2021, limitations were placed on these defendants' ability to communicate and have contact with each other. Since that time, a few motions to temporarily modify those bond conditions were occasionally presented and approved by this Court, allowing communications on special holidays, and allowing Ms. Eisenhart to attend her son's wedding. The general restrictions nevertheless remained in place, even though in subsequent January 6 cases charged, the comparable bond conditions issued for other defendants similarly situated (i.e., family members charged in a case together) did not necessarily contain analogous general restrictions on all such intra-family communications and contacts.

1

The Defendants have complied fully with the Court's bond conditions, consistent with theoretical concerns that prosecutors might have once harbored about the potential evidentiary risks of unmonitored direct communications between these Defendants in advance of their trial. After the Defendants each agreed to sign onto a stipulated statement of facts as a part of agreeing to a Stipulated Bench Trial, however, those concerns naturally dissipated.  Following that agreement, the Government did not object to, and this Court ultimately granted, Ms. Eisenhart's latest Consent Motion to Modify Conditions of Bond, which had requested that these Defendants be allowed to travel together to Washington, DC for their trial.  Now that they have also been declared guilty, any such evidentiary concerns would only appear to be further diminished.

Counsel for Ms. Eisenhart believes the time has come, after both Defendants fully abided these restrictions for about two years, to modify the general prohibition on communications and contact between these family members.  Counsel inquired if the Government would object to this latest request, now that a guilty verdict was reached against both Defendants by this Court.  The Government advises that, at this stage of this proceedings, it will not object to this motion.

Accordingly, Ms. Eisenhart requests that her bond conditions (and Mr. Munchel's) be modified to allow them to communicate via phone, and to have contact (and also to travel out of state for that purpose) if authorized by her supervising U.S. Pretrial Services Officer.

Dated:  April 25, 2023.                        Respectfully submitted,

                                                         /s/ Gregory S. Smith
                                                         Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net
*Attorney for Defendant Lisa Eisenhart*

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

    This 25th day of April, 2023.

                                            /s/ Gregory S. Smith
                                            Gregory S. Smith