**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-118 (RCL) |
| ) | |
| LISA MARIE EISENHART ) | |

## DEFENDANT'S MOTION FOR CONTINUANCE OF SENTENCING

NOW COMES Defendant Lisa Marie Eisenhart, through undersigned appointed counsel, and files this motion to continue her sentencing hearing, now scheduled for September 9, 2023. Co-defendant Munchel's counsel advises he will join this request.  The Government opposes.

To be clear, this motion is not being interposed for the purpose of delay.  No similar request was made to delay Defendants' PSR objections, which were timely filed.  Nor is any motion made to postpone the parties' Sentencing Memoranda.  The Defendants will be prepared to go forward with sentencing on September 9, 2023, if that is how the Court decides to proceed.

There is good reason, however, to temporarily postpone Defendants' sentencing hearing. In this present case, Ms. Eisenhart faces sentencing on both felony and misdemeanor charges. But her only felony counts charge violations of 18 U.S.C. § 1512, for conspiracy to obstruct (Count One) and obstruction (Count Two) of an official proceeding.

There has been substantial legal argument questioning § 1512's scope, and whether its parameters properly extend to include all of the January 6 conduct prosecutors have alleged.  In *United States v. Fischer*, Appeal No. 22-3038 (D.C. Cir.), a divided D.C. Circuit decided that § 1512 could extend to obstruction not involving non-documentary evidence.  But Judge Walker,

1

in a concurring opinion which provided the deciding vote, raised very serious questions about the meaning of § 1512's "corruptly" language, and also what factual proof that element requires.

Despite the D.C. Circuit's ruling in the Government's favor in *Fischer* (which followed a majority of decisions by members of this District Court, ruling likewise), the D.C. Circuit **did not issue its mandate** in *Fischer*, which would have allowed Fischer and his co-defendants to be immediately prosecuted again under § 1512, upon remand. Instead, the D.C. Circuit (over Government objections) **granted a stay of that mandate,** until the U.S. Supreme Court could decide whether it wants to take up that case to review § 1512's scope. *See* **Exhibit A.**

The instant motion now seeks similar relief in this case. If the D.C. Circuit decided the *Fischer* prosecution on § 1512 should not even **begin** until the Supreme Court decides whether to grant a petition for a writ of certiorari in that case, this case should not **end** while those same petitions are pending. Given that Ms. Eisenhart's only felony charges involve § 1512, the better course of action would be to wait a little while for further § 1512 clarification before engaging in a sentencing largely driven by Sentencing Guideline calculations that will directly emanate from those § 1512 charges. The D.C. Circuit appeared to openly recognize in *Fischer* that a genuine risk exists that § 1512's scope could get narrowed by the Supreme Court. If that were to occur only after this Court proceeds to sentencing, that could require two sentencing hearings instead of one. The wiser course of action would be to wait a little while longer for that clarification.

Ms. Eisenhart therefore moves this Court to continue her September 9, 2023 sentencing until the Supreme Court decides how to handle the *Fischer* appeal – i.e., **she seeks the same delay for Ms. Eisenhart that the D.C. Circuit itself is affording the *Fischer* defendants.** The last petition in that case is scheduled to be filed on October 5, 2023, and votes on petitions for writs of certiorari typically occur quickly. That short delay might also allow this Court to gain

the benefit of the D.C. Circuit's ruling in *United States v. Robertson*, Appeal No. 22-3062, where the meaning of § 1512's "corruptly" language was squarely argued on May 11, 2023.

Ms. Eisenhart remains on strict conditions of pretrial release, and has fully complied with all of those for over 1½ years. The Government will not be materially prejudiced by this request.

WHEREFORE, Ms. Eisenhart hereby requests that her sentencing hearing scheduled for September 8, 2023 be continued to a later date, as noted above.

Dated:  August 28, 2023.                    Respectfully submitted,

                                                                                          /s/ Gregory S. Smith
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net
*Attorney for Defendant Lisa Eisenhart*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

This 28th day of August, 2023.

                                                                                        /s/ Gregory S. Smith
Gregory S. Smith