UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:21-cr-118 (RCL) |
| ) | |
| LISA MARIE EISENHART ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR CONTINUANCE OF SENTENCING**

NOW COMES Defendant Lisa Marie Eisenhart, through undersigned appointed counsel, and replies to the Government's Opposition to her Motion to Continue her sentencing hearing.

The Government's Opposition <u>never once</u> addresses the key question posed in Ms. Eisenhart's filing: if the D.C. Circuit, in *Fischer*, granted its own stay of its mandate, blocking the *Fischer* prosecution under § 1512 from <u>even commencing</u>, why should this Court not issue a similar stay in the instant case, to prevent Ms. Eisenhart's § 1512 prosecution from <u>concluding</u>?

This is not a motion filed for the purpose of delay. Ms. Eisenhart's PSR objections and Sentencing Memorandum were all *timely* filed. The question here is simply whether it makes sense to proceed with Ms. Eisenhart's sentencing now. Hers is not a case like all other January 6 cases, as the Government suggests, such that granting Ms. Eisenhart's motion would somehow cause much of this Court's docket to be frozen. Hers is a case in which § 1512 charges are her <u>only felony charges</u>. If those charges are not viable, and she is then subject only to misdemeanor convictions, it seems apparent that her sentencing hearing may look quite different.

The Government's Opposition's arguments are hyperbolic. It talks of the Government and public's need for a prompt sentencing here, complaining Ms. Eisenhart's will occur 143 days after her guilty plea, rather than the typical 90 days later. But the Government did not object at

1

all to the current sentencing date, when it was set at Ms. Eisenhart's conviction, or suggest in any way that a faster sentencing was needed.  And all of the Government arguments here, about the Government's and public's need for prompt justice, were similarly made to the D.C. Circuit in opposition to the *Fischer* stay – yet the D.C. Circuit *rejected* them all.  So too with Government claims that the stay is thinly based on mere "speculation and hope."  The D.C. Circuit disagreed.

Moreover, despite the Government's characterization that Ms. Eisenhart is seeking an "indefinite" stay, that is not she seeks.  There are two very "definite" end dates.  The first may occur within a few short weeks, if the *Fischer* petitions for certiorari are denied.  And the second will occur only if the Supreme Court grants certiorari and will expire when a merits ruling issues before the end of the next Term.  Neither deadline was seen as too long by the D.C. Circuit.

At bottom, Ms. Eisenhart is asking for the very same relief from this Court that the D.C. Circuit itself already gave to the *Fischer* defendants.  No more and no less.  The supposedly contrary District Court Orders that the Government cites and primarily relies on, both issued by Judge Bates, are thus quite different.

First, the Order it cites from *United States v. Brock*, No. 1:21-cr-140 (JDB), ECF No. 107, was issued on April 20, 2023 – before the D.C. Circuit had even granted its *Fischer* stay on June 13, 2023.  Judge Bates thus never knew of the D.C. Circuit's stay before issuing that decision, and moreover, Brock at that point was already incarcerated, and was thus asking to interrupt his BOP sentence.  That is plainly a very different situation than here, where Ms. Eisenhart's motion may also avoid a need for this Court to have to hold two sentencing hearings.

Similarly, in *United States v. Sheppard*, No. 1:21-cr-203 (JDB), ECF No. 105, the D.C. Circuit's stay in *Fischer* was not before the Court.  While Judge Bates' Order was issued on August 2, 2023, he was ruling on the Defendant's motion for leave to file a motion for a new

trial – and all of the briefs on that motion had been submitted by May 26, 2023 – again, before the D.C. Circuit's *Fischer* stay had even issued.  The existence of this stay was <u>never presented</u> to Judge Bates, and in fact, no continuance of the sentencing was apparently even sought by Sheppard.  The Government's suggestion that Judge Bates in those cases somehow addressed and found unpersuasive the incongruity of all of the *Fischer* defendants' § 1512 prosecutions being stayed by the D.C. Circuit, while others must proceed to conclusion, is not well-taken.

      Moreover, as even the Government concedes, Judge Bates himself recognized in this *Sheppard* decision that the *mens rea* issues arising under 18 U.S.C. § 1512 potentially raise a live, substantial issue.  And as the D.C. Circuit's own stay in Fischer confirms, even the *actus reus* issue is far from frivolous.  Ms. Eisenhart thus continues to submit that a continuance of her sentencing is the better approach, given that greater clarity in the form of a Supreme Court decision on whether to grant certiorari in *Fischer*, and the D.C. Circuit's own merits decision in *United States v. Robertson*, are both likely to emanate within the next few months.

      Ms. Eisenhart has fully complied with all conditions of bond for more than 2½ years.  She is thus not remotely analogous to an "Armed Career Criminal" defendant who might try to seek delays because some area of 18 U.S.C. § 924(e) might be unsettled.  And notions that any failure of this case to proceed to sentencing immediately would somehow be "alarming" or stymie general deterrence seem overblown.  Those concerns did not deter the D.C. Circuit from issuing its *Fischer* stay.  And more particularly, Ms. Eisenhart has never been one to seek undue delay in this case, even as she is now dealing with a third or fourth set of prosecutors assigned.  Nor has she ever asserted the "straw man" argument the Government suggests, i.e., a unilateral right to override the Government's or public interest in speedy justice.  Moving forward to an immediate sentencing this week is certainly within this Court's prerogative, and will be fully

honored if so ordered. We are prepared to proceed if needed. But given Ms. Eisenhart's unusual situation, where her primary punishments will surely emanate from 18 U.S.C. § 1512, we submit the wiser approach is to postpone this sentencing hearing just a little longer until greater legal clarity of that law is provided by the appellate courts. There is no reason why the same relief the D.C. Circuit saw fit to award to the *Fischer* defendants should not similarly be granted here.

Dated:  September 6, 2023.                    Respectfully submitted,

                                                             /s/ Gregory S. Smith
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Email: gregsmithlaw@verizon.net
*Attorney for Defendant Lisa Eisenhart*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is automatically being served upon all counsel of record, via the Electronic Case Filing system.

This 6th day of September, 2023.

                                                             /s/ Gregory S. Smith
Gregory S. Smith